# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

ANN ROBBINS,

      **Plaintiff,**

    *vs.*

MED-1 SOLUTIONS, L.L.C.,

      **Defendant.**

**CAUSE NO.  1:14-cv-1703-DKL-SEB**

## ENTRY

### Defendant's *Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* [doc. 18]

Defendant Med-1 Solutions, L.L.C.'s motion to dismiss comes before the Court for decision.  Plaintiff Ann Robbins sues Med-1 for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("F.D.C.P.A.") by its attempts to collect from her a personal debt for medical services that she owed to Community Health Network, Med-1's client.

## Background

The following factual summary is taken from the allegations of the *First Amended Complaint* [doc. 16] ("*Amended Complaint*"); exhibits attached to the pleadings;[1]

---

[1] Ms. Robbins did not include or refer to attachments in her original *Complaint* [doc. 1].  Although she refers to two evidentiary attachments in her *Amended Complaint*, ¶¶ 16 (Exhibit A, "Affidavit of Attorney") and 23 (Exhibit B, "Plaintiff's Motion for an Award of Additional Attorney's Fees"), the attachments were omitted.  Her omission of these exhibits apparently was inadvertent, however, because they are attached to her proposed amended complaint which was submitted with her *Motion for Leave to File First Amended Complaint* [doc. 13].  [Doc. 13-1, pp. 5-9.]  The Court considers these two exhibits to be attached to the *Amended Complaint* for present purposes.  Similarly, while Med-1's answer to the *Amended Complaint* refers to two exhibits, *Defendant's Response to Plaintiff's First Amended Complaint and Affirmative*

1

documents the *Amended Complaint* incorporates by reference; matters of which the Court may take judicial notice; official records; concessions or admissions by Ms. Robbins in court filings; additional facts set out in the briefs, if consistent with the pleadings; and evidence that is attached to the motion briefs that are integral to and relied upon in the *Amended Complaint* and not contested as inauthentic.  See *Santana v. Cook County Board of Review*, 679 F.3d 614, 619 (7th Cir. 2012); *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).  Allegations of the *Amended Complaint* that Med-1 has admitted are not cited.

When Ms. Robbins received medical treatment through Community Health Network ("Community Health"), she signed a *Patient Consent Agreement* [doc. 19-2] ("*Agreement*").[2]  The *Agreement* contains this term: "In the event I do not pay such charges when due, I agree to pay costs of collection, including attorney fees and interest." *Agreement*, p. 2, "Responsibility for Payment" section, ¶ 3.  Acting as a debt collector and

---

*Defenses* [doc. 17] ("*Amended Answer*"), *Defendant's Affirmative Defenses to Plaintiff's First Amended Complaint*, ¶¶ 1.a. (attachment "A", presumably the small-claims case's Chronological Case Summary) and 1.b. (attachment "B", presumably the small-claims court's judgment), the attachments were omitted.  However, the omissions also apparently were inadvertent as they are attached to Med-1's answer to the original *Complaint*, *Defendant's Response to Plaintiff's Complaint and Affirmative Defenses* [doc. 10] ("*Original Answer*"), Exhibits A and B [docs. 10-1 and 10-2].  The Court also deems these attachments to be part of the operative pleadings for the present purposes.

[2] The *Patient Consent Agreement* is attached to *Defendant's Brief in Support of Motion To Dismiss for Failure To State a Claim* [doc. 19] ("*Brief*").  Ms. Robbins quoted and relied on the operative sentence in her *Amended Complaint*, ¶¶ 2, 19.f.; argues it in her response to the present motion, (*Plaintiff's Response to Defendant's Motion To Dismiss* [doc. 26] ("*Response*"), at 4-5); and does not object to Med-1's submission of it or the Court's consideration of it on the present motion.  It is clearly central to her claims.

Community Health's agent,[3] Med-1 filed suit against Ms. Robbins in the Lawrence Township Small Claims Court in Marion County, Indiana, on July 1, 2014, Cause no. 49K03-1407-SC-003946.   Med-1's notice of claim, by which it initiated the small-claims action,[4] stated that the balance for medical services owed to Community Health was $1,499.  Med-1 sought an additional twenty-five percent, or $375, for attorney's fees.  *Case Management Plan* [doc. 21] ("*CMP*"), § II. B. (Ms. Robbins' statement of her claim); *Amended Complaint*, ¶ 12.   Attached to the notice of claim was Med-1's *Affidavit of Debt*, which states, in part:  "The last payment to Med-1 was received on  5-12-14  in the amount of  $266.66 ."[5]  *Affidavit of Debt* [doc. 10-4], ¶ 3.   The *Affidavit of Debt* also states that the unpaid balance due to Community Health was $1,499.  *Id.*, ¶ 2.  At that time, Ms. Robbins

---

[3] *Affidavit of Debt* [doc. 10-4], §§ 1, 2.  In this affidavit, which Med-1 filed with its initiating pleading in its small-claims suit against Ms. Robbins, Med-1 identifies itself as agent for Community Health.  Ms. Robbins has not challenged Med-1's status as Community Health's agent.   No documentation or description of the legal relationship between Community Health and Med-1 is in the record.

[4] Rule 2(A) of the *Indiana Rules for Small Claims* provides that a small-claims action shall be commenced by the filing of a notice of claim.  Med-1's notice of claim is not part of the record in this case.  However, Ms. Robbins refers to it in the *Amended Complaint*, ¶ 7-9, and in the statement of her claim in the *Case Management Plan* [doc. 21], § II. B.

[5] This *Affidavit of Debt* appears only as an attachment to Med-1's *Original Answer*, Attachment D. Both parties rely on its content, see *e.g.*, *Amended Complaint*, ¶¶ 7-10, and Ms. Robbins does not contest the accuracy of the copy attached to the *Original Answer*.  Therefore, the Court considers it on the present motion.

The *Affidavit of Debt* is a fill-in-the-blank and check-box form which generally follows the form that appear as Appendix A-2 to the *Indiana Rules of Trial Procedure*.  Ind. T.R. 9.2(A) requires substantial compliance with the form:  "When any pleading allowed by these rules is founded on an account, an Affidavit of Debt, in a form substantially similar to that which is provided in Appendix A-2 to these rules, shall be attached."  Interestingly, the prescribed language in the Appendix A-2 form — "The last payment from Defendant was received on _____ in the amount of $_____" — is different than the corresponding sentence in Med-1's *Affidavit of Debt* (quoted in the text), and it appears that utilization of the Trial Rules' language might have avoided the related allegations by Ms. Robbins.

3

had not made any payments to Med-1 and had never made a payment to Community Health in the amount of $266.66. *Amended Complaint*, ¶¶ 9, 10. Med-1 admits that it erred in the amount of Ms. Robbins' last-payment and alleges that the amount of her last payment was actually one dollar more — $267.66, not $266.66. *Amended Answer*, ¶¶ 9, 10. Med-1 also alleges that Ms. Robbins made that last payment to Community Health directly, not to Med-1, *id.*, but, as discussed below, it denies that this assertion of the *Affidavit of Debt* was false, deceptive, misleading, or an unfair or unconscionable means to collect or attempt to collect the debt, *id.*[6]

On September 14, 2014, Ms. Robbins paid the $1,499 remaining balance of the debt principal. *Amended Complaint*, ¶ 11; *CMP*, § II. B. She disputed, and did not pay, the requested attorney's fees and costs. *Id.* Nine days later, on September 23, 2014, Ms. Robbins appeared for the "First Hearing" in the Small Claims Court.[7] At some point in relation to this hearing, Med-1's attorney told Ms. Robbins that, despite her having paid the balance of the principal on the debt, she was still responsible for the $375 of attorney's fees and $86 of costs. Ms. Robbins alleges that the attorney also told her that "he had 'now spent three more hours' working on Plaintiff's case, which Plaintiff took as a threat that if she did not pay the attorney fees at that time that she would be responsible for

---

[6] Although Ms. Robbins alleged that the *Affidavit of Debt*'s representations were false, she did not allege or assert, in either her pleadings or *Response*, the actual amount of her last payment or to whom she made it. She also did not dispute Med-1's allegations or its assertions in its argument on the present motion that her last payment was to Community Health, for $267.66. *Response*, at 5-6.

[7] Small Claims Court *Chronological Case Summary* [doc. 10-1 and doc. 19-4] ("*S. Claims Ct. CCS*"); *Amended Complaint*, ¶ 12; *Amended Answer*, ¶ 12.

additional attorney fees." *Amended Complaint*, ¶ 13.   Ms. Robbins alleges that the attorney's statement that he had spent three more hours working on her case was false. *Id.*, ¶ 14.   The Small Claims Court set the case for trial on fees and costs for October 28, 2014.

Less than a month later, on October 19, 2014, Ms. Robbins filed the present suit against Med-1 for violations of the F.D.C.P.A.

At the trial in Small Claims Court, on October 28, 2014, Med-1 submitted an *Affidavit and Motion for Attorney Fees* [docs. 13-1 (exhibit A to Ms. Robbins' proposed amended complaint) and 10-3 (*Original Answer*, attachment C)] ("*Fees Affidavit*").   This *Fees Affidavit* states that "Prior to receiving services, the defendant in this action signed an admission sheet agreeing to be liable for cost of collections and reasonable attorney fees if this amount remained unpaid."  *Id.*, ¶ 2.  In this affidavit, Med-1's attorney averred that he performed 4.6 hours of attorney services on the collection of Ms. Robbins' debt, he itemized the tasks performed, and he averred that the hours expended were reasonable and necessary.  *Id.*, ¶¶ 3, 4.  He also averred that an hourly rate of $375 was a reasonable rate for an attorney of comparable expertise and experience.  *Id.*, ¶ 4.  A total of $1,725 was requested.  *Id.*  Ms. Robbins alleges that the *Fees Affidavit*'s description of her agreement to pay fees and its itemization of attorney hours are false.  *Amended Complaint*, ¶¶ 17 and 18.   On that same day, the Small Claims Court entered judgment in favor of Med-1 for attorney's fees in the requested amount of $1,725.  *Amended Complaint*,

¶ 20; *Amended Answer*, ¶ 20; *Judgment/Order* [docs. 10-2 (*Original Answer*, attachment B) and 19-3 (*Brief*, attachment C)].

On December 9, 2014, Ms. Robbins filed a notice of appeal in the Smalls Claims Court. Small Claims Court *Chronological Case Summary* [docs. 10-1, 19-4 (includes later entries)] ("*S. Claims Ct. CCS*").[8]

On or about January 19, 2015, Med-1 served on Ms. Robbins *Plaintiff's Motion for an Award of Additional Attorney's Fees* [doc. 13-1, p. 7 ] ("*Add'l Fees Motion*"). In this served motion, Med-1 requests an additional award of attorney's fees in order to prepare and conduct proceedings supplemental to the October 28, 2014, judgment because, it asserts, "[e]fforts have been unsuccessful in attempting to get the Defendant to pay the judgment amount." *Id.*, ¶¶ 3, 5. The served motion asserted that an additional fifteen minutes of attorney time was required, for a total of $93.75 of additional fees. *Id.*, ¶ 5. Ms. Robbins states that the state-court docket does not show that the *Add'l Fees Motion* was filed, which "may mean its filing was rejected." *Response*, at 8 n. 2.

The later *S. Claims Ct. CCS* [doc. 19-4] shows that a "Motion for Proceedings Supplemental" was filed on January 20, 2015 (the day after the certificate-of-service date for the *Add'l Fees Motion*) but no motion seeking, or an order awarding, additional

---

[8] Unlike the situation in other counties of Indiana, the Small Claims Court in Marion County is not a division of the county's Circuit or Superior Courts, and appeals from its judgments are not taken to the Court of Appeals. Rather, appeals of Marion County small-claims judgments are taken to the county's Circuit or Superior Courts. Ind. Code 33-34-3-15(b). Appeals of judgments entered on or after July 1, 2018, will be taken to the Indiana Court of Appeals. Ind. Code 33-34-3-15(a), 33-34-3-15.1.

attorney's fees at this time, and no order or docket entry rejecting or striking such a motion.[9]

The *S. Claims Ct. CCS* [doc. 19-4], shows that, on February 10, 2015, about two months after Ms. Robbins filed her notice of appeal, the Small Claims Court granted an "Appeal Request" and sent it to the Superior Court. Two days later, on February 12, 2015, the Small Claims Court scheduled a proceeding supplemental for March 24, 2015, presumably in response to Med-1's January 20, 2015, motion. The next day, February 13, 2015, Ms. Robbins filed answers to interrogatories. (Presumably, the interrogatories were sent as part of Med-1's motion for proceeding supplemental.)

Also on February 13, 2015, the Marion County Superior Court docketed Ms. Robbins' appeal. See online Marion County Superior Court chronological case summary, at https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tl biI6IlltWXlORGt4TmpFMU1qSXdPakF3T0RVeE56QXlNR1k9In19 ("*Superior Ct. CCS*"). Med-1 filed its complaint in the Superior Court on March 5, 2015.[10]

The Small Claims Court held a proceeding-supplemental hearing on March 24, 2015. The hearing journal entry records only that "Appeal has been filed and sent to

---

[9] The Court notes that a "Motion for Allowance of Fees" was filed in the Small Claims Court on September 29, 2015, and was granted the same day. See online Small Claims Court chronological case summary, at https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IlIll 6Z3hORGt4TmpFMU1qSXdPakkwTlRJMU56Y3hOVEU9In19 ("*Online S. Claims Ct. CCS*").

[10] Cases appealed from the Small Claims Court must be repled in the Superior or Circuit Court. Marion County Civil Rules, Rule LR49-TR79.1-226; Marion County Local Small Claims Rules, Rule LR49-SC00-604.

superior court.  Appeal filed clerk to process for transfer once perfected." *Online S. Claims Ct. CCS.*  No action regarding the proceeding supplemental is noted on the docket for that date.

In the Superior Court appeal, Ms. Robbins filed her answer on May 29, 2015. *Online Superior Ct. CCS.*  Med-1 filed a motion for default judgment on June 1, 2015, and moved to withdraw it three days later, which motion was granted on June 16, 2015.  *Id.*

The next activity was back in the Small Claims Court.  The docket entry for August 12, 2015, reads "Defendant submits letter to court.  Case already sent to Superior court."  *Online S. Claims Ct. CCS.*  Next is a "Hearing Journal Entry" for September 2, 2015:  "Court orders the Lawrence Township Small Claims Court clerk to review the court's CCS.  To determine case transfer and if the matter was replead.  If so judgment is vacated.  If no evidence matter shall be set for hearing.  Defendant ordered to serve Plaintiff in this matter."  *Id.*  The last two entries on the Small Claims Court docket, both for September 29, 2015, are "Motion for Allowance of Fees Filed" and "Order Granting Motion for Allowance of Fees."  *Online Superior Ct. CCS.*

The next and last activity was in the Superior Court on the appeal.  The last two entries on the docket record the filing and granting of a motion to withdraw the appearance of one of Med-1's attorneys, on February 8 and 9, 2016.  *Id.*

**Claims**

8

Ms. Robbins claims that Med-1's actions in attempting to collect her debt violated

the F.D.C.P.A., specifically, 15 U.S.C. §§ 1692e and 1692f.  Section 1692e provides, in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *        *        *
>
> **(2)**  The false representation of —
>
> > **(A)**  the character, amount, or legal status of any debt; or
> >
> > **(B)**   any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> >
> > *        *        *
>
> **(5)**  The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> *        *        *
>
> **(10)**   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Section 1692f provides, in part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > **(1)**   The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
> >
> > *        *        *

Ms. Robbins pleads a non-exhaustive list of violations (in *Amended Complaint,* ¶

25):

**1.** Serving on Ms. Robbins and filing in the Small Claims Court suit the *Affidavit of Debt* containing the statement "The last payment to Med-1 was received on 5-12-14 in the amount of $266.66" violated both § 1692e and § 1692f.

**2.** Falsely stating to Ms. Robbins during a pre-trial conference in the Small Claims Court suit that Med-1's attorney had spent "three more hours" on the case violated both § 1692e and § 1692f.  Presumably, the pre-trial conference to which Ms. Robbins refers is, or occurred in proximity to, the "First Hearing" of the same date.

**3.** Med-1's attorney telling Ms. Robbins at the "First Hearing" that he had "now spent three more hours" working on Plaintiff's case was a threat that, if she did not pay the attorney fees and costs at that time, she would be responsible for additional attorney fees and, thereby, a violation of § 1692e(5).

**4.** Serving the *Affidavit of Debt* on Ms. Robbins and filing it in the Small Claims suit violated §§ 1692e and 1692f.

**5.** Serving the *Add'l Fees Motion* on Ms. Robbins violated §§ 1692e and 1692f.

**6.** Attempting to collect attorney's fees, that neither Community Health nor Med-1 were obligated to pay, violated § 1692f(1).

## Discussion

Med-1 moves, under Fed. R. Civ. P. 12(b)(6), to dismiss all of Ms. Robbins' claims for failure to state claims.  However, because Med-1 already had filed its answer to Ms. Robbins' *Amended Complaint*, a Rule 12(b)(6) motion is not permitted.  Fed. R. Civ. P.

10

12(b).[11]   However, an assertion that a plaintiff's complaint fails to state a claim may be raised after pleading by way of a Rule 12(c) motion for judgment on the pleadings.  Fed. R. Civ. P. 12(h)(2)(B).  Practically, this is a distinction without a difference because a Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015).

> In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Although we draw all reasonable inferences and facts in favor of the nonmovant, we need not accept as true any legal assertions.  *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014).

*Lodholtz v. York Risk Services Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015).  Therefore, the Court construes Med-1's motion to dismiss as a motion for judgment on the pleadings under Rule 12(c).

Med-1 makes four arguments against the legal sufficiency of Ms. Robbins' *Amended Complaint*.

---

[11] Rule 12(b) requires only that a listed motion be filed before pleading — not that a ruling must be made on the motion before pleading.  In this instance, Med-1 filed both its *Amended Answer* and the present motion to dismiss on March 18, 2015, but at 7:51 p.m. and 8:05 p.m., respectively.  However, as explained in the text, the only practical effect of the fourteen-minutes interval is the label that is given to Med-1's motion.

**1. Reasonableness of Med-1's attorney's fees.**  Med-1 argues that, even with all facts taken in favor of Ms. Robbins, "there still has been no showing of false, deceptive or misleading statements being made in an attempt to collect a debt in regards to the attorney's fees request.  As such any contention that Plaintiff has in regards to the reasonableness of the attorney's fees should be dismissed."  *Brief*, at 4-5.  However, a motion asserting failure to state a claim does not test the sufficiency of a plaintiff's "showing" in support of a claim but the sufficiency of the pleading of that claim.

Ms. Robbins does not allege that the fees sought by Med-1 were unreasonable in the sense that the hours spent and/or the hourly rate sought were excessive, *i.e.*, not justified by the nature of the work or the skills or experience of the attorney.[12]  Rather, she alleges that Med-1's attorney falsely represented that he worked certain hours:  **(1)** during, or in relation to, the "First Hearing," the attorney falsely represented that "he had spent three more hours working on Plaintiff's case," *Amended Complaint*, ¶¶ 13, 14; and **(2)** the *Fees Affidavit* that Med-1 introduced during the Small Claims Court trial on October 28, 2014 "falsely stated the amount of time an attorney allegedly spent in the case," *id.*, ¶ 17.  Neither the *Amended Complaint* nor Ms. Robbins' *Response* allege or explain the factual bases for her allegations that Med-1's attorney, in these two instances, falsely represented the hours that he worked on the collection of her debt to Community

---

[12] The unreasonableness of attorney's fees in this sense does not state a claim under the F.D.C.P.A. but is a matter to be raised in the underlying case where the fees are sought.  *Cheng v. Messerli & Kramer, P.A.*, No. Civ. 06-3054 (DSD/SRN), 2007 WL 1582714,  2 (D. Minn., May 30, 2007).

Health.[13]  As such, these allegations appear to be only conclusorily pled.  However, Med-1 does not challenge the sufficiency of the *Amended Complaint* on the ground that it lacks sufficient factual allegations to state a plausible claim that Med-1 falsely represented the hours that its attorney worked to collect Ms. Robbins' debt.

Instead, Med-1 argues that, at the Small Claims Court hearing on its fees request, Med-1 introduced its *Fees Affidavit* to prove its fees, Ms. Robbins did not object to the affidavit, Ms. Robbins did not introduce any evidence to counter the number of hours averred, and, ultimately, she agreed to the judgment for the full 4.6 hours sought.  *Brief*, at 4.  Med-1 thus relies on its showing before the Small Claims Court and the judgment. However, Med-1 fails to make any argument that Ms. Robbins' claim that Med-1 falsely represented the number of hours worked, or their reasonableness, are precluded by the doctrines of *res judicata* or judicial estoppel.[14]  If the issue is presented in this case, then whether Med-1's attorneys worked all of the hours for which they sought fees likely will be a fact question.

---

[13] The Court notes that the *Fees Affidavit* itemizes a total of three hours of services performed before the entry "Attended pre trial hearing."  For attending the pretrial hearing, .5 hours were recorded.

[14] In Indiana, a small-claims judgment "shall be res judicata only as to the amount involved in the particular action and shall not be considered an adjudication of any fact at issue in any other action or court."  Rule 11(F), *Indiana Rules for Small Claims*.  In Marion County, "[a]ll appeals from judgments of the small claims court shall be taken to the circuit court or superior court of the county and tried de novo." Ind. Code 33-34-3-15(b).  In the Small Claims Court's docket entry for September 2, 2015, the court directs its clerk to determine if the matter was repled in the Superior Court and, "if so judgment is vacated."  As noted, the parties had repled by this time.  However, as discussed below, there is a question whether Indiana law allows Ms. Robbins to appeal the small-claims judgment.  Thus, the *res judicata* effect of the Small Claims Court's judgment in the present suit is questionable.

Med-1 has not shown that the *Amended Complaint* fails to state a claim that Med-1 sought to collect attorney's fees for work that was not performed.

**B. Entitlement to attorney's fees.**   Med-1 moves to dismiss Ms. Robbins' claim that it violated the F.D.C.P.A. by attempting to collect attorney fees that it legally could not collect.   Unfair or unconscionable means to collect or attempt to collect a debt, which violate the F.D.C.P.A., include "[t]he collection of any amount (including any interest, fee, charge, or expenses incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).  Ms. Robbins claims that, "[b]y attempting to collect attorney fees that neither Community Health Network nor Med-1 Solutions were obligated to pay and therefore were not 'costs,' Defendant violated 15 U.S.C. § 1692f(l)."  *Amended Complaint*, ¶ 25.f.

The *Patient Consent Agreement* that Ms. Robbins signed provides that, "[i]n the event I do not pay such charges [for medical services] when due, I agree to pay costs of collection, including attorney fees and interest."  [Doc. 19-2, p. 2.]  Ms. Robbins argues that this language "did not permit the recovery of attorney fees unless the fees were a cost of collection, i.e., an expense actually incurred by the original creditor."  *Response*, at 4 (citing *Amended Complaint*, ¶¶ 19, 25.f.).  She does not argue that Med-1 could not legally collect fees on behalf of Community Health because it was not Community Health's agent or because its agreement with Community Health did not allow it to seek an award of fees.   Rather, she contends that the *Patient Consent Agreement*, between herself and Community Health, does not authorize Community Health, or its agent, to collect the

14

fees that were sought in the small-claims action because Community did not "actually incur" them as an expense.  She does not cite legal authority for her interpretation; she does not explain what she means by "actually incur;"[15] and she does not plead any facts plausibly showing that Community Health did not "actually incur" the fees that Med-1 sought and that were awarded, in the small-claims action.  She concludes by asserting that whether the *Patient Consent Agreement* permits Med-1 to obtain the attorney's fees that it seeks "is certainly an issue that will need to be resolved," but that Med-1 has failed to show that it does so "as a matter of law."  *Id.*, at 5.

Med-1 argues that the plain meaning of the *Patient Consent Agreement* specifically includes attorney's fees within the "costs of collection" that Ms. Robbins agreed to pay to Community Health.  Med-1 also cites *Black's Law Dictionary*'s definition of "costs" as including attorney's fees that are paid, charged, expensed, or allowed in favor of one party against the other.  It also cites the holding of *Smith v. Kendall*, 477 N.E.2d 953, 955 (Ind. Ct. App. 1985), for the proposition that an award of attorney's fees is for the benefit of the client, not the attorney.

Because Ms. Robbins does not plead any facts showing that it is plausible that Community Health did not incur, was not charged, or will not be charged for the attorney's fees sought by Med-1 in the Small Claims Court case — *i.e.*, that Community

---

[15] See, *e.g., Seeger v. AFNI, Inc.,* 548 F.3d 1107, 1113 (7th Cir. 2008) (language in agreement between creditor and debtor that obligates debtor to pay all costs, including collection fees, that the creditor incurs in enforcing the agreement limits debtor's obligation to only collection costs and fees paid to third parties).

Health was not "obligated to pay" the fees, *Amended Complaint*, ¶ 25.f. — the *Amended Complaint* fails to state a claim for violation of the F.D.C.P.A., even if her interpretation of the *Patient Consent Agreement* is accepted.   She does not allege that any agreement between Community Health and Med-1 for the collection of her debt would not permit Med-1 to seek an award of reasonable attorney's fees on behalf of Community Health and she does not allege any facts tending to show that Community Health has not or will not incur any costs including attorney's fees for Med-1's efforts to collect her debt.

The Court notes that the Indiana Court of Appeals has held that an agreement between a creditor and debtor making the debtor responsible for "[a]ny costs including attorney fees incurred by the [creditor], in the collection" of the debt authorizes the collection agent to seek an award of attorney's fees to make the creditor whole, regardless of evidence that the collection agent and creditor had a contingent-fee agreement or that the creditor had not paid its collection agent any fees before trial.  *Baird v. ASA Collections*, 910 N.E.2d 780, 788-89 (Ind. Ct. App. 2009).   However, a creditor should not receive a windfall.   The purpose of an award of attorney's fees is to make the creditor whole, by reimbursing it for the reasonable costs, including collection-agent and attorney's fees, that it had to expend to reduce its right to recover the debt to judgment.   The purpose of a fee award is not to compensate third-party attorneys or collection agents for all of their efforts attempting to collect the debt.   *See Smith*, 477 N.E.2d at 955.

Perhaps Ms. Robbins suspects, or knows, that Community Health is legally obligated to pay Med-1 less than the amount of fees that Med-1 sought and that the Small

16

Claims Court awarded.  But she does not so plead or assert.  It is clear, however, that, because the *Amended Complaint* does not allege any facts regarding the consideration Community Health is obligated to pay Med-1 for collecting Ms. Robbins' debt, or any other facts tending to show that Med-1 (successfully) attempted to obtain an award of attorney's fees to which Community Health was not entitled according to the *Patient Consent Agreement* or law,[16] the *Amended Complaint* fails to state a claim that Med-1 "attempt[ed] to collect attorney fees that neither Community Health Network nor Med-1 Solutions were obligated to pay and therefore were not 'costs,'" in violation of 15 U.S.C. § 1692f(1), as claimed in ¶ 25.f.

The *Amended Complaint*'s claim that Med-1 violated 15 U.S.C. § 1692f(1) by attempting to collect attorney's fees in the Small Claims Court case is dismissed for failure to state a claim.

**C.  Scrivener's error.**  Ms. Robbins claims that Med-1 violated 15 U.S.C. §§ 1692e and 1692f by serving on her and filing in the Small Claims Court action the *Affidavit of Debt* which falsely stated that (1) her last payment on the debt was in the amount of $266.66 and (2) that last payment was made to Med-1.  *Amended Complaint*, ¶¶ 7-10, 25.a.; *Affidavit of Debt*, ¶ 3.  In its *Amended Answer*, Med-1 admitted that Ms. Robbins' last

---

[16] Neither side addressed whether Community Health was entitled to recover its collection costs, including attorney's fees, under other law, *e.g.*, as an incidental or consequential expense of Ms. Robbins' breach of the *Patient Consent Agreement*.

payment was not to Med-1 and was not for $266.66; it added that her last payment was to Community Health for $267.66.  *Amended Answer*, ¶¶ 9, 10.

**Amount of last payment.**  Med-1 argues that the one-dollar difference in the amount of Mr. Robbins' last payment was immaterial because the misstatement was *de minimis* and Med-1 did not, by that misstatement, attempt to collect a greater amount on her debt than she owed; rather, it always attempted to collect only the total amount that was owed.

A one-dollar discrepancy between the amount of Ms. Robbins' last payment as stated in the *Affidavit of Debt* and as she actually paid, while technically false, would be immaterial because it would not influence an unsophisticated consumer to pay, or the Small Claims Court to award, more than the actual amount of the debt owed and, thus, would not state a violation of 15 U.S.C. §§ 1692e or 1692f.  *Muha v. Encore Receivable Management, Inc.*, 558 F.3d 623 (7th Cir. 2009); *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).  Not only is a one-dollar difference *de minimis*, but **(1)** Ms. Robbins concedes that the *Affidavit of Debt* accurately stated the total amount owing on her account, $1,499; *Case Management Plan*, § II.B.; **(2)** she does not allege that Med-1 sought to collect more than the total amount of $1,499; **(3)** she eventually paid the $1,499 balance during the Small Claims Case, before judgment, *Amended Complaint*, ¶ 11; *Case Management Plan*, § II.B.; **(4)** she does not allege or assert that the *Affidavit of Debt*'s misstatement misled or influenced her, for any period of time, to pay more than the actual balance of her debt; and, **(5)** while she argues that an accurate statement of a debtor's last

18

payment is important if a debtor wants to verify the debt, *Response,* at 5, she did not allege, and she does now assert or argue, that the *Affidavit of Debt*'s misstatement of the amount of her last payment was material, confused her, or prevented her from verifying the debt.

Although the *Amended Complaint* does not allege, and Ms. Robbins does not concede, that there was only a one-dollar discrepancy between her actual last payment and the *Affidavit of Debt*'s representation of her last payment, it remains undisputed that the *Affidavit of Debt* accurately stated the balance of Ms. Robbins' debt and that the *Amended Complaint* does not allege that Med-1 attempted to collect more than the stated balance owed or that the last payment misstatement was otherwise material.  Therefore, the *Amended Complaint*'s allegation that Med-1 misstated in the *Affidavit of Debt* the amount of Ms. Robbin's last payment fails to state a claim of violation of the F.D.C.P.A.[17]

**Recipient and payor.**  Med-1 argues that the *Affidavit of Debt*'s statement that "The last payment to Med-1 was received on  5-12-14 . . ." was not false or misleading because it refers only to the last payment *received by Med-1,* not the last payment *made by Ms. Robbins.*  Med-1 contends that it "has never alleged that [Ms. Robbins] made a payment to it . . . ."  *Reply to Plaintiff's Response to Defendant's Motion To Dismiss* [doc. 30] ("*Reply*"), at 7.  According to Med-1, its standard practice is to have clients forward to it for posting any payments made by a debtor after the account has been placed with Med-1 for collection.  Thus, it contends, the *Affidavit of Debt*'s statement was technically true: "The

---

[17] Med-1 did not argue that materiality must be explicitly pled.

last payment to Med-1 [from Community Health, not Ms. Robbins] was received on . . .

."  But it is not so clear-cut that describing the last payment by a debtor that has been forwarded by a creditor to Med-1 for posting as "the last payment to Med-1" is not false or misleading.  The phrase reasonably implies a payment on a debt, and Community Health was not making a payment to Med-1 on a debt owed by Community Health; it was simply forwarding to Med-1 a payment that it had received from Ms. Robbins.  It would have been more natural and accurate for Med-1 to have used a description such as "The last payment forwarded by Community Health Network to Med-1 was received by Med-1 on . . ." or even "The last payment from Defendant [to Community Health] was received on . . .", as provided in the form Affidavit of Debt provided in Appendix A-2 of the *Indiana Rules of Trial Procedure*.

Nevertheless, Med-1's materiality argument also applies to this alleged misstatement regarding the recipient of Ms. Robbins' last payment because, as explained above, Med-1 sought to collect only the admitted correct balance of the debt and correctly identified that balance in its *Affidavit of Debt* and other communications regarding the debt.  An unsophisticated consumer would not have been confused or misled by the alleged false statement regarding the recipient of Ms. Robbins' last payment.  *Muha, supra; Hahn, supra.*  Ms. Robbins does not allege that the alleged false description caused her any confusion about the identification of the debt[18] or its balance that Med-1 was attempting

---

[18] The *Affidavit of Debt* and the caption of the small-claims suit identified Med-1 as the collecting agent for Community Health and Ms. Robbins concedes that the balance owed on the debt was correctly described.

to collect.  Ms. Robbins did not allege or argue that the alleged misstatement about the recipient of her last payment was material, and, in this instance, there is no missing evidence of a relevant material fact.  Therefore, the Court concludes that the *Amended Complaint* fails to state a claim that Med-1 violated the F.D.C.P.A. by serving on her and filing in the small-claims suit the *Affidavit of Debt* which allegedly falsely stated the recipient of Ms. Robbins' last payment on her debt.

**D.  Pursuing proceedings supplemental on a small-claims judgment that has been appealed.**  Ms. Robbins claims that Med-1 violated the F.D.C.P.A. when it served its *Add'l Fees Motion* on her "despite knowing that the small claims judgment had been vacated and held for naught by the filing of the timely appeal."  *Amended Complaint*, ¶ 23. To recapitulate:  the Small Claims Court entered its judgment in favor of Med-1 for $1,725 of attorney's fees on October 28, 2014; on December 9, 2014, Ms. Robbins filed in the Small Claims Court her notice of appeal of the judgment, which entitles her to a trial *de novo* in the Superior Court, *Amended Complaint*, ¶ 21; Ind. Code 33-34-3-15(b); and on or after January 19, 2015, Med-1 served its *Add'l Fees Motion* on Ms. Robbins, *Add'l Fees Motion*, Certificate of Service; *Amended Complaint*, ¶ 23.  Ms. Robbins alleges that Med-1 became aware of her appeal shortly after she filed it.  *Id.*, ¶ 22.  She contends that "[w]hen Defendant served Plaintiff with its motion seeking additional attorney fees while knowing that it was not entitled to additional attorney fees because the judgment had been appealed, Defendant misrepresented that it was entitled to additional fees in violation of § 1692e and engaged in an unfair or unconscionable collection practice in

violation of § 1692f."  *Response*, at 7.  *Amended Complaint*, ¶ 25.e. ("By serving Plaintiff

with Exhibit B [*Add'l Fees Motion*], Defendant violated 15 U.S.C. § 1692e and f . . . .").[19]

Med-1 argues that the *Amended Complaint* fails to state a claim because the Small

Claims Court's judgment had not been rendered invalid at the time that it served its *Add'l*

*Fees Motion,*[20] and Indiana law specifically allowed it to pursue an award of additional

fees at that time.  Med-1 points to Rule LR49-SC00-601 of the *Marion County Local Small*

*Claims Rules,* which provides that "[n]othing in these rules shall be construed as divesting

the Court of jurisdiction to hear matters arising between the date of filing of . . . a Notice

of Appeal and the date the case is docketed in the . . . Superior or Circuit Court" and to

the principle that proceedings supplemental "are a continuation of the underlying claim

on the merits — not an independent action," *Koors v. Great Southwest Fire Ins. Co.*, 538

N.E.2d 259, 260 (Ind. Ct. App. 1989).  Because Ms. Robbins' appeal was not docketed in

the Superior Court until February 13, 2015, Med-1 argues that the Small Claims Court

---

[19] As noted, the *Amended Complaint* claims that service of the *Add'l Fees Motion* on Ms. Robbins violated the F.D.C.P.A. because the Small Claims Court judgment was vacated at the time.  *Amended Complaint*, ¶ 23.  In her *Response* on the present motion, however, Ms. Robbins argues that service of the motion violated the F.D.C.P.A. because her *notice of appeal* had been *filed* at the time.  *Response*, at 7.  Ms. Robbins does not argue that filing a notice of appeal automatically vacates a small-claims judgment.  The Court addresses both grounds.

[20] Med-1 actually argues that the *Amended Complaint* fails to state a claim that filing its motion for proceedings supplemental — not serving its *Add'l Fees Motion* — violated the F.D.C.P.A.  However, the *Amended Complaint* alleges, and Ms. Robbins argues, only Med-1's serving of the *Add'l Fees Motion* as a violation of the F.D.C.P.A.  Ms. Robbins also notes that the Small Claims Court docket shows that the *Add'l Fees Motion* was not filed, which, she suggests, might mean that the court rejected its filing.  *Response*, at 8 n. 2.  Med-1 offers no explanation why it served, but did not file, its *Add'l Fees Motion.*  The Court wonders if the *Add'l Fees Motion,* which mentions that "[e]fforts have been unsuccessful in attempting to get the Defendant to pay the judgment amount," *Add'l Fees Motion,* ¶ 3, was construed by the Small Claims Court as a motion for proceedings supplemental and the court so filed it.  Regardless, the Court construes Med-1's argument to apply also to its service of the *Add'l Fees Motion.*

still retained jurisdiction to hear and determine Med-1's January 19, 2015 *Add'l Fees Motion* (and January 20, 2015 motion for proceedings supplemental) and, therefore, its service of the motion on Ms. Robbins was not a misrepresentation or an unfair or unconscionable attempt to collect a debt.

Ms. Robbins counters that serving the *Add'l Fees Motion* (or filing the motion for proceedings supplemental) violates the F.D.C.P.A. despite the Small Claims Court retaining jurisdiction of such a motion at the time because Ms. Robbins' previously-filed appeal of the small-claims judgment entitles her to a trial *de novo,* which doomed the small-claims judgment to inevitable vacation when the appeal was eventually docketed in the Superior Court. Ms. Robbins analogizes the situation to federal courts' "almost universal[]" holdings that the F.D.C.P.A. proscribes the filing of a time-barred debt-collection suit, despite state law permitting such a suit to be filed because a statute-of-limitations affirmative defense can be waived if not asserted. *Response,* at 7-8 (citing *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076, 1079 (7th Cir. 2013); *Crawford v. LVNV Funding,* 758 F.3d 1254, 1259-60 (11th Cir. 2014), *cert. denied,* 135 S.Ct. 1844 (2015).

The Court cannot determine on the present record and arguments whether the *Amended Complaint* states a claim that Med-1's service of its *Add'l Fees Motion,* or filing its motion for proceedings supplemental, violated the F.D.C.P.A. Ms. Robbins argues that the filing of her notice of appeal automatically vacated the Small Claims Court judgment. It did not. The parties cited, and the Court found, no rule or statute that automatically vacates a Marion County small-claims judgment when a notice of appeal is filed in the

Small Claims Court or when it is docketed in the Superior or Circuit Court.  At most, as noted, a local rule of the Marion County Small Claims Court states that nothing in the local rules shall be construed as divesting the Small Claims Court of jurisdiction to hear matters arising between the filing of a notice of appeal and the docketing of the case in the Superior Court.  LR49-SC00-601.

There is no doubt that the Small Claims Court retained jurisdiction to entertain Med-1's *Add'l Fees Motion,* if it were filed, and its filed motion for proceeding supplemental, through at least February 13, 2015, the date when Ms. Robbins' appeal was docketed in the Superior Court.  Even if the judgment is not automatically vacated, Ms. Robbins argues that, because she has a statutory entitlement to a trial *de novo* on appeal, Ind. Code 33-34-3-15(b), the small-claims judgment in Med-1's favor effectively was negated after she filed her notice of appeal in the Small Claims Court in December 2014. Therefore, it was a misrepresentation and unfair and unconscionable for Med-1 to serve its *Add'l Fees Motion* because Med-1 never could collect on the Small Claims Court's judgment and the court's findings on any supplemental fees would be moot.

The Court is not persuaded that the trial *de novo* afforded to Marion County small-claims cases on appeal should be given the same effect for F.D.C.P.A. purposes as an expired limitation period.  The Small Claims Court evidently did not find that its proceedings were futile.  After Ms. Robbins filed her notice of appeal and after her appeal was docketed in the Superior Court, the Small Claims Court conducted proceedings supplemental for Med-1, and, after the parties repled in the Superior Court and the Small

24

Claims Court explicitly directed vacation of its judgment, the Small Claims Court granted Med-1's September, 2015, motion for allowance of fees.  It appears that the Small Claims Court did not consider its proceedings supplemental to collect and/or augment Med-1's fee award to be as doomed or moot as Ms. Robbins argues they were because of the Superior Court's *de novo* review.  The Court requires more focused and comprehensive briefing to answer the question whether Med-1's post-appeal collection activities were, indeed, futile and, therefore, violated the F.D.C.P.A.

Another aspect of Ms. Robbins' appeal also requires further briefing.  A fundamental principle of Indiana law is that appeals may not be taken from agreed judgments.  *State v. Huebner*, 104 N.E.2d 385 (Ind. 1952) ("A consent decree is not a judicial determination of the rights of the parties.  It does not purport to represent the judgment of the court, but merely records the agreement of the parties with respect to the mattes in litigation.  Such decree cannot be reviewed by appeal.");[21] *City of New Haven v. Allen County Board of Zoning Appeals*, 694 N.E.2d 306, 309-11 (Ind. Ct. App. 1998) ("Absent a claim of fraud or lack of consent, a trial court must approve an agreed judgment.  The trial judge has only the ministerial duty of approving the agreed judgment and entering it in the record.  However, such a decree does not represent the judgment of the court.  It

---

[21] *McNelis v. Wheeler*, 73 N.E.2d 339, 225 Ind. 148  (Ind. 1947); *Miller v. Green*, 11 N.E. 35, 110 Ind. 569 (Ind. 1887).  *See, State v. Maplewood Heights Corp.*, 302 N.E.2d 782 (Ind. 1973) (appeal allowed because parties agreed only as to the form of the judgment, not its substance); *State v. Heslar*, 277 N.E.2d 796 (Ind. 1972) (same); *State v. Trotter*, 14 N.E.2d 550 (Ind. 1938) (same).

is merely an agreement between the parties, consented to by the court."), *trans. denied.*[22]

Med-1 has pled, *Amended Answer*, Affirmative Defenses, ¶ 1.b.,[23] and repeatedly asserted, in the *Case Management Plan*, § II.C.,[24] and the present briefing, *Brief*, at 2, 4; *Reply*, at 9 n. 1, that Ms. Robbins agreed to the judgment in the Small Claims Court. Ms. Robbins has not responded to Med-1's allegations and assertions that the Small Claims Court's judgment was the result of agreement, not judicial determination.[25]

Med-1 points to the signatures of the parties on the Small Claims Court's *Judgment/Order* [doc. 10-2], but questions remain about this judgment form. While both parties' signatures appear below a series of check-box findings underneath the heading "Comes now the court, having considered the above cause, and being duly advised in

---

[22] *Hanover Logansport, Inc. v. Robert C. Anderson, Inc.*, 512 N.E.2d 465 (Ind Ct. App. 1987); *General Discount Corp. v. Weiss Machinery Corp.*, 437 N.E.2d 145 (Ind. Ct. App. 1982); *Scaros v. Chacker*, 56 N.E.2d 505 (Ind. App. 1944).

[23] "That the state court judgment was wholly comprised of attorney's fees for the prosecution of the state court action. Said attorney's fee award was agreed to by the Plaintiff in open court in the state court case."

[24] "That the Defendant will show that three (3) separate hearings were held in the small claims matter as well as discovery, causing the amount of attorney's fees to increase, and said matter was finally concluded with an agreed judgment on October 28th, 2014."

[25] Ms. Robbins does argue that the Small Claims Court's judgment was automatically vacated by the filing of her appeal. See, *e.g.*, *Response*, at 3 n. 3. In addition, as noted above, the Small Claims Court docket entry for September 2, 2015, shows that the court directed a vacation of the judgment if its clerk's review showed that the matter was repled in the Superior Court, and the matter had been repled. However, Ms. Robbins has not shown any authority for the proposition that the filing of a notice of appeal automatically vacates a small-claims judgment and, in light of the above-cited Indiana precedent holding that an agreed judgment is unappealable, whether the Small Claim's Court's vacation of the agreed judgment was proper and whether the Superior Court will dismiss Ms. Robbins' appeal and reinstate the agreed judgment.

the premises, finds as follows:", the box stating "That all parties appeared in person or by counsel, and agree to the entry of judgment," is not checked. But neither is the finding checked that reads: "That all parties appeared in person or by counsel, and that all legal requirements having been met, and cause having been submitted and evidence heard; judgment should be entered in favor of the (Plaintiff / Defendant)." The only finding that is checked reads "The Plaintiff (appeared / appeared not); The Defendant (appeared / appeared not)", with "appeared" circled for both Plaintiff and Defendant.

The parties have not briefed whether Indiana's disallowance of appeals of agreed judgments applies to agreed judgments in Marion County Small Claims Court. If it does, then, presumably, the Small Claims Court improperly vacated its judgment and the Superior Court will dismiss Ms. Robbins' appeal and reinstate the judgment, all of which will mean that Ms. Robbins' claim that Med-1 violated the F.D.C.P.A. by serving its *Add'l Fees Motion* fails to state a claim.

Therefore, there remain a question of fact — whether Ms. Robbins agreed to the Small Claims Court's judgment — and a question of law — whether a party may appeal a Marion County small-claims agreed judgment[26] — that prevent this Court finding, as a matter of law, that the *Amended Complaint* fails to state a claim that Med-1's service of its *Add'l Fees Motion* after Ms. Robbins filed her notice of appeal violated the F.D.C.P.A.

―――――――――――――――

[26] Questions of contract law also might inform the analysis of this issue.

27

**Conclusion**

Med-1's *Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* is **GRANTED in part** and **DENIED in part**. It is granted to the extent that the following claims in the *Amended Complaint* are dismissed for failure to state a claim: **(1)** Med-1 violated 15 U.S.C. § 1692f(1) by attempting to collect any attorney's fees in the Small Claims Court case, *Amended Complaint*, ¶¶ 25.f. (and, to this extent, 25.d.); and **(2)** Med-1 violated 15 U.S.C. §§ 1692e and 1692f by serving and filing its *Affidavit of Debt* which falsely stated the amount and recipient of Ms. Robbins' last payment on her debt, *Amended Complaint*, ¶ 25.a. The motion is otherwise denied.

**DONE this date:** 03/09/2016

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.