UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANN ROBBINS,<br>        Plaintiff,<br><br>  *vs.*<br><br>MED-1 SOLUTIONS, L.L.C.,<br>        Defendant. | CAUSE NO.  1:14-cv-1703-DKL-SEB |

### ORDER

The Court ordered the parties to show cause why this Cause should not be administratively closed until Defendant's pending state-court suit against Plaintiff is completed.  The parties have briefed their positions.  The state-court action, *Med-1 Solutions, L.L.C. v. Ann Marie Robbins*, Cause no. 49D-1502-CC-004865, in the Marion Superior Court, Civil Division 4, is still pending.[1]  The Court separately grants Plaintiff's *Motion for Leave To File Second Amended Complaint* [doc. 40] but the new claims pled therein do not affect the issues briefed here.  Familiarity with the Court's descriptions of the claims and allegations in the *Entry* on Defendant's motion to dismiss [doc. 36] is assumed.

Because Plaintiff commenced the present suit on October 19, 2014, before the Lawrence Township Small Claims Court (in Marion County, Indiana) issued its judgment on October 28, 2014, the Court is not deprived of jurisdiction according to the *Rooker–Feldman* doctrine by that judgment.  However, "[c]omity or abstention doctrines may, in

---

[1] *Chronological Case Summary* (available at:  https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik5ETTFORFV3TnpFd016TXdPakF3T0RVeE56QXlPV0U9In19).

1

various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292, 125 S.Ct. 1517, 1527, 161 L.Ed.2d 454 (2005). The small claims court's judgment was vacated on February 13, 2015, when the Superior Court docketed Plaintiff's motion for a *de novo* trial.

"The critical question [for application of a *Colorado River* abstention] is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (internal quotes omitted). Plaintiff argues that certain of her allegations and claims in this lawsuit will not be disposed of regardless of what happens in the case now pending in the Marion Superior Court, namely her claims that "Defendant violated the FDCPA by filing a motion for additional attorney fees and pursuing proceedings supplemental after Plaintiff requested, and the small claims court granted, Plaintiff's *de novo* 'appeal.'" *Plaintiff's Response to Order To Show Cause* [doc. 48], at 4. Because these claims will remain, she contends that there is no substantial likelihood that the Superior Court's resolution of Plaintiff's appeal will dispose of *all* of the claims in this suit.[2]

The two allegations and claims that Plaintiff contends will not be resolved by way of the case pending in the Superior Court are:

**1.** Plaintiff alleges that Defendant served her with a copy of *Plaintiff's Motion for an Award of Additional Attorney's Fees* [doc. 13-1, at 7-8; 40-1, at 7-8] ("*Add'l Fees Motion*")

---

[2] The Court deems all other arguments not raised by Plaintiff to be forfeited.

2


on January 19, 2015, and filed it in the small claims court the next day.[3]  *Proposed Second Amended Complaint* [doc. 40-1] (*S.A.C.*), ¶¶ 19, 20.  This occurred after Plaintiff filed her notice of appeal from the small claims court's judgment on December 9, 2014, and after that court "granted" her notice of appeal and "transferred" it to the Superior Court on December 15, 2014.  *S.A.C.* ¶¶ 17, 18.  Thus, according to Plaintiff, Defendant served and filed its *Add'l Fees Motion* "despite knowing that the small claims judgment had been vacated and held for naught by the filing of the timely appeal."  *Id.*, ¶ 19.  She claims that Defendant's conduct violated the F.D.C.P.A., 15 U.S.C. § 1692e and f, *S.A.C.*, ¶ 26d.

**2.**  On January 20, 2015 (the same day that Defendant filed its *Add'l Fees Motion*), Defendant filed a motion for proceedings supplemental in the small claims court.  See *Chronological Case Summary* [doc. 19-4].[4]  *S.A.C.*, ¶ 21.  This caused the service of accompanying interrogatories on Plaintiff's employer, which falsely informed it that Plaintiff owed a judgment, *id.*, ¶¶ 21, 22, and caused Plaintiff to be served with an order to appear for a proceedings-supplemental hearing scheduled for March 24, 2015, *id.*, ¶ 23.  Plaintiff claims that Defendant's conduct violated the F.D.C.P.A., 15 U.S.C. § 1692e and f.  *S.A.C.*, ¶ 26e.

---

[3] The Court reiterates its doubt expressed in its *Entry* on Defendant's motion to dismiss whether the January 20, 2015 entry on the small claims court's docket, which reads "Motion for Proceedings Supplemental Filed," represents the court's construction of the *Add'l Fees Motion* when it was received for filing indeed represents a different motion, discussed next.  There is not a separate docket entry for the *Add'l Fees Motion*.  *Entry*, at 22 n. 20.

[4] The parties have not submitted a copy of this motion.  Its existence is known only from the entry on the small claims court's *Chronological Case Summary*.

Plaintiff does not argue that there is not a substantial likelihood that any other part of this suit will be disposed of by Plaintiff's trial *de novo* pending in the Superior Court.

As the Court noted in its *Entry* on Defendant's motion to dismiss, Rule LR49-SC00-601 of the *Marion County Local Small Claims Rules* provides that "[n]othing in these rules shall be construed as divesting the Court of jurisdiction to hear matters arising between the date of filing of . . . a Notice of Appeal and the date the case is docketed in the . . . Superior or Circuit Court."  Therefore, because both Defendant's *Add'l Fees Motion* and motion for proceedings supplemental were filed before the Superior Court docketed Plaintiff's "appeal" for a trial *de novo*, the small claims court retained jurisdiction to entertain them and neither was automatically vacated.  The small claims court did entertain both motions; it held a proceedings-supplemental hearing after Plaintiff's appeal was docketed in the Superior Court, and, in fact, it court granted an even later motion for an allowance of fees (motion filed and granted on September 29, 2015). [5]

The small claims court clearly did not consider Defendant's fees and proceedings-supplemental motions to be beyond its jurisdiction, even after Plaintiff's appeal was docketed in the Superior Court.[6]  The small claims court's docket reveals that the court

---

[5] The Court notes that the small claims court held a proceedings-supplemental hearing on March 24, 2015, with no result noted.  Defendant apparently filed a later motion for additional fees.  A September 29, 2015 entry on the small claims court docket reads "Motion for Allowance of Fees Filed" and, on the same day, the court issued an "Order Granting Motion for Allowance of Fees." *Chronological Case Summary* (available at https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp71kNhc2VUb2tlbiI6I k9XWXpNamd4TnpFNU1qTXdPakkwT1RJMU56Y3hNVGc9In19).

[6] Because the small-claims judgment was for fees only (Plaintiff having paid the principal of the debt shortly before the trial), perhaps Indiana law and procedure allows the small claims court to continue

was aware of, and addressed, the status of Plaintiff's appeal and its effect on its judgment throughout its proceedings. Therefore, the Court finds that the small claims court's judgment was not automatically vacated when Plaintiff filed her notice of appeal and that it was not vacated until February 13, 2015, when the Superior Court docketed her "do-over" appeal. It follows that Defendant's filing of its *Add'l Fees Motion* and motion for proceedings supplemental, both of which were filed before the appeal was docketed, were not futile. Because the small claims court held a proceedings-supplemental hearing and granted a later motion for allowance of fees, all after Plaintiff's appeal had been docketed, the Court finds that Defendant's pursuit of the proceedings supplemental was not futile.[7] As the Court noted in its previous *Entry*, it views the current circumstances as presenting a different situation than filing a collection action beyond an expired, yet waivable, period of limitation. While this is a close case, the Court concludes that a *Colorado River* abstention in these circumstances is warranted.

Furthermore, because the small claims court's proceedings on Defendant's post-appeal motions have not been vacated, but apparently are still valid and in effect, if this Court were to proceed with Plaintiff's suit now, then it necessarily would be addressing the validity of those extant state-court orders and proceedings, which are entwined with

---

to conduct proceedings to finalize the amount of fees post-judgment. Neither side advised the Court of Indiana law or procedure on this question.

[7] The Court reiterates that Defendant's motion for proceedings supplemental has not been submitted in this case. Neither have the motion's nature and the nature of the small claims court's proceedings-supplemental hearing (or its aftermath) been described.

and potentially dependent on the pending Superior Court proceedings and future judgments on Plaintiff's appeal. An abstention is warranted on this ground as well.

This case presents novel issues for this Court and apparent novel issues under state law, making the present question of abstention a somewhat murky one. If the Superior Court finds that Plaintiff indeed agreed to the small claims court's judgment, as Defendant alleges, it presumably would reinstate that judgment, which would present this Court with a state-court judgment to which it likely would be required to give preclusive effect. Similarly, such a reinstatement would also confirm the small claims court's post-appeal actions on Defendant's motions for fees and proceedings supplemental. In short, this Court is faced with not knowing whether there exists a preclusive state-court judgment. Because the resolution of that question depends on novel interpretations of state law and procedure, those interpretations should be made by the state court.

**THEREFORE**, this Cause is ordered **STAYED** and **ADMINISTRATIVELY CLOSED** pending final resolution of the state-court proceedings. The parties shall promptly advise the Court by filed notice when that final resolution occurs and provide the appropriate documentation.

SO ORDERED this date: 3/31/2017

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.