STATE OF INDIANA ) MARION COUNTY SUPERIOR COURT
) SS: CIVIL DIVISION 4
COUNTY OF MARION ) CAUSE NO. 49D04 – 1502 – CC – 004865

MED-1 SOLUTIONS, LLC )
As Agent for Collections for )
Community Health Network )
Plaintiff, )
)
vs. )
)
ANN MARIE ROBBINS, )
Defendant. )

FILED
MAR 05 2015
CLERK OF THE MARION CIRCUIT COURT

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, MED-1 Solutions, LLC, ("MED-1"), by counsel, and it now files its Complaint for Damages against the Defendant, Ann Marie Robbins ("Robbins"), and in support thereof now states:

### FACTS

1. Community Health Network ("Community") is a non-profit, domestic, hospital corporation licensed to provide medical services to the public. Community is headquartered at 1500 N. Ritter Ave., Indianapolis, IN 46219.
2. MED-1 is an Indiana licensed collection agency that performs collections services for medical providers including Community. MED-1 is located at 517 US Highway 31 N., Greenwood, IN 46142. That MED-1 filed the original notice of claim in the Marion County Small Claims Court, Lawrence Township as agent for collections for Community. That MED-1 is filing this complaint in this honorable Court as agent for collections for Community.
3. Robbins is a resident of Indianapolis, Marion County, IN.

4. That Robbins went to Community seeking medical attention on September 5, 2013, for her minor children. Community provided medical services to Robbins' two minor children, Aiden Robbins and Ronan Robbins.

   a. Community provided medical services to Aiden Robbins under account #90100203986. See attached exhibit "A".

   b. Community provided medical services to Ronan Robbins under account #9010203989. See Attached exhibit "A"

5. On the date of service Robbins signed a Patient Consent Form agreeing to be personally liable for any charges incurred in the course of treatment of her minor children.

   a. That one section entitled "Responsibility for Payment" included a clause whereby Robbins agreed to pay all charges not paid by insurance and to pay when due. See exhibit "B".

   b. That one section entitled "Responsibility for Payment" included a clause whereby Robbins agreed to pay "costs of collection, including attorney fees and interest." See exhibit "B".

6. That Community billed Robbins' insurer and received partial payments on accounts #90100203986 and #9010203989. Any balance that remained was appropriately left to patient responsibility.

   a. That account #90100203986 had a balance of $582.19 after Robbins' insurer remitted partial payment.

   b. That account #90100203989 had a balance of $916.81 after Robbins' insurer remitted partial payment.

4. That Robbins went to Community seeking medical attention on September 5, 2013, for her minor children. Community provided medical services to Robbins' two minor children, Aiden Robbins and Ronan Robbins.

   a. Community provided medical services to Aiden Robbins under account #90100203986. See attached exhibit "A".

   b. Community provided medical services to Ronan Robbins under account #9010203989. See Attached exhibit "A"

5. On the date of service Robbins signed a Patient Consent Form agreeing to be personally liable for any charges incurred in the course of treatment of her minor children.

   a. That one section entitled "Responsibility for Payment" included a clause whereby Robbins agreed to pay all charges not paid by insurance and to pay when due. See exhibit "B".

   b. That one section entitled "Responsibility for Payment" included a clause whereby Robbins agreed to pay "costs of collection, including attorney fees and interest." See exhibit "B".

6. That Community billed Robbins' insurer and received partial payments on accounts #90100203986 and #9010203989. Any balance that remained was appropriately left to patient responsibility.

   a. That account #90100203986 had a balance of $582.19 after Robbins' insurer remitted partial payment.

   b. That account #90100203989 had a balance of $916.81 after Robbins' insurer remitted partial payment.

    c. That Robbins failed to remit the remaining balance for either above referenced account when it became due.

7. Community remitted three (3) billing statements to Robbins on both accounts referenced above for a total of six (6) billing statements.

8. Community remitted a notice of collection referral letter to Robbins on both accounts referenced above.

9. Community then placed both accounts with MED-1 for collections on February 19, 2014. At which time MED-1 remitted collection letters to Robbins on both accounts referenced above. Said collections letters disclosed that MED-1 was acting as agent for collections for Community, the amount being claimed as due by Community, and provided a validation procedure for said debt in accordance with federal law.

10. MED-1 made attempts to collect the alleged debt from Robbins on multiple occasions after February 19, 2014, but was unable to do so.

11. That on July 1, 2014, MED-1, through its attorney Francis Niper filed a Notice of Claim in the Marion County Small Claims Court, Lawrence Township.

12. Thereafter Robbins filed a motion for continuance and for leave to conduct discovery, both of which were granted. See exhibit "C".

    a. That MED-1, through its attorney Francis Niper, remitted discovery to Robbins.

    b. That the small claims case was continued to September 23, 2014.

13. That Robbins filed a motion to dismiss with the small claims court claiming deficiencies in the discovery provided by MED-1 and that she had paid the amount of the original charges, $1499.00. No settlement, agreement, or accord was ever made between MED-1 and Robbins for the payment of $1499.00 as satisfaction of the small claims action.

14. At the hearing on September 23, 2014, Robbins and MED-1 could not come to an agreement to settle all disputed matters and the case was set for a bench trial on October 28, 2014.
15. At the hearing on October 28, 2014, evidence was presented to support the original balance sued upon, as well as the request for attorney's fees in the amount of $1,725.00. See exhibit "D".
16. The hearing concluded with a judgment agreed upon by both Robbins and MED-1 for the attorney's fees of $1,725.00. See exhibit "E".
17. That prior to filing this appeal Robbins filed an action in federal court under the federal Fair Debt Collection Practices Act.
18. The instant appeal from the small claims agreed judgment has caused the filing of this complaint.

**COUNT I: COLLECTION OF DEBT ON ACCOUNT**

19. MED-1 re-alleges and incorporates by reference recital Paragraphs 1 through 18, above, as if fully set forth herein.
20. Robbins' minor children received medical services from Community, which Robbins agreed to be personally obligated to pay for. See exhibits "A" and "B".
21. That Robbins failed to pay for said medical services when the accounts became due.
22. That Robbins failure to pay for said medical services at the time payment was requested necessitated the filing of a small claims lawsuit against her, thus causing Community, through its agent for collections, to incur attorney's fees. That Robbins agreed to be personally obligated to pay for said attorney's fees.

23. That Robbins remitted payment for the outstanding medical balances only after suit had been filed and discovery conducted.

24. That Community has been harmed by Robbins failure to pay her accounts when due and requests judgment for the amount of attorney's fees incurred in litigating said accounts.

**COUNT II: BREACH OF CONTRACT**

25. MED-1 re-alleges and incorporates by reference recital Paragraphs 1 through 24, above, as if fully set forth herein.

26. That Robbins signed two "Patient Consent Agreements" for services rendered to her minor children on September 5, 2013. That Robbins received due and adequate consideration under the above referenced contracts in the form of medical services.

27. That Robbins agreed to be personally obligated to pay for any amount not paid by insurance when that amount became due.

28. Robbins failed to pay the amounts not paid by insurance when they became due.

29. That Robbins agreed to be personally obligated to pay for attorney's fees if litigation was required to recover any unpaid balance under the aforementioned "Patient Consent Agreement" contract.

30. Robbins has failed to pay attorney's fees in accordance with the written contract.

31. That Community has been harmed by Robbins failure to remit payment in accordance with the valid contract between Community and Robbins. Community requests judgment for the amount of attorney's fees incurred in enforcing said contract as contemplated in the written agreement.

**COUNT III: ABUSE OF PROCESS**

32. MED-1 re-alleges and incorporates by reference recital Paragraphs 1 through 29, above, as if fully set forth herein.

33. That Robbins agreed to the entry of judgment during the small claims hearing on October 28, 2014. See exhibit "E".

34. That Robbins filed an action arising under the federal Fair Debt Collection Practices Act.

35. That Robbins' has an ulterior purpose or motive in filing her appeal from the above referenced agreed judgment. Robbins' requires this appeal to be commenced so as to vacate the small claims judgment in order to proceed with her federal action unhindered.

36. That a willful and improper use of the Marion County Local Rules, Rules LR49-SC-00-604 and LR49-TR79.1-226, occurred when Robbins filed her notice of appeal in this matter after agreeing to the entry of judgment and realizing that said judgment was a detriment to her ongoing federal litigation.

37. That Community has been harmed by Robbins' abuse of the Marion County Small Claims appeal process.

WHEREFORE, the Plaintiff, MED-1 Solutions, LLC, respectfully requests the entry of judgment against the Defendant, Ann Marie Robbins for, failure to pay on an account due, breach of contract, an abuse of process, for the costs of this action, for reasonable attorney's fees and for all other relief as justice so requires.

Respectfully Submitted,

Shannon L. Melton, Attorney #29380-49
Attorney for Plaintiff, MED-1 Solutions, LLC
517 US Highway 31 N.
Greenwood, IN 46142
(317) 883-5600
(317) 868-1939
Shannon.Melton@MED1Solutions.Com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via the United States Postal Services, 1st class mail, on this 5 day of March, 2015, to:

Ann Marie Robbins
8118 Brookmont Ct. Unit #101
Indianapolis, IN 46278

Shannon L. Melton, Attorney #29380-49
Attorney for Plaintiff

ACCOUNT BALANCE FOR COMMUNITY HEALTH NETWORK

ACCOUNT #:90100203986
PATIENT NAME: Aiden Russell Robbins
DATE OF SERVICE: 09/05/13
BALANCE: 582.19
RESPONSIBLE PARTY: ANN MARIE ROBBINS
8118 BROOKMONT CT Unit 101
INDIANAPOLIS IN 46278

DATE LISTED WITH MED-1: 02/19/14

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Exhibit A

ACCOUNT BALANCE FOR COMMUNITY HEALTH NETWORK

ACCOUNT #:90100203989
PATIENT NAME: Ronan Michael Robbins
DATE OF SERVICE: 09/05/13
BALANCE: 916.81
RESPONSIBLE PARTY: ANN MARIE ROBBINS
8118 BROOKMONT CT Unit 101
INDIANAPOLIS IN 46278

DATE LISTED WITH MED-1: 02/19/14

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Exhibit A





A

**Community**
**Health Network**

MR# 005612873 CSN# 10012815986
[redacted] BOY A 9/5/2013 1439
[redacted] PC: Newborn
[redacted] MD North

## PATIENT CONSENT AGREEMENT
## (PAGE 1 OF 2)

**THIS PATIENT CONSENT AGREEMENT** applies to services provided by Community Health Network, Inc., Community Hospital North, Community Hospital East, Community Hospital South, Community Heart and Vascular Hospital, Community Physician Network, Community Home Health, Community Surgery Center North, Community Surgery Center East, Community Surgery Center South, Community Surgery Center Hamilton, Community Surgery Center Northwest, Community Endoscopy Center Indianapolis and Community Digestive Center Anderson (each of these health care providers whether individually licensed or operating under the license of another hereinafter referred to collectively as "Community"). ***This Patient Consent Agreement is valid for up to one year for all physician practice and outpatient services provided by Community.***

**Medical Treatment**
I request or authorize Community to provide and perform under the direction of my physician(s) and/or his/her designee such care, procedures, services and supplies as are considered advisable for my health and wellbeing. I am aware that the practice of medicine is not an exact science and I acknowledge that no guarantees have been made to me by my physician(s) or Community as to the result of any treatments, examinations, procedures or other services provided by Community. I authorize Community to dispose of any tissue, severed or amputated member, body part, or medical device removed in connection with services provided by Community. I understand that it is the responsibility of the physician to explain to me the nature of any diagnostic, therapeutic, medical and/or surgical procedures necessary to treat me and to explain risks and consequences associated with the services.

**Patient Rights and Advance Directives**
If I am receiving hospital inpatient services, ambulatory surgical center services or home health services, I acknowledge I have been given written materials on my patient rights and responsibilities, which include my right to an advance directive. For all other Community services, I understand that information about advance directives is available upon request.

**Consent to Release Medical Records**
I understand Community will make every effort to treat my medical record information as confidential; however, I realize information must be shared with other providers involved in my care or in the payment of my care. Further, I understand other healthcare providers involved in my care will have access to my medical information. I consent to the release of my medical information for treatment, payment and health care operational purposes as allowed by state and federal law, including the release of communicable disease information.

**Legal Relationships**
I understand my services may be provided by: (1) health care providers who are not employees of Community but who have a contract with Community to provide services, such as emergency physicians, anesthesiologists, radiologists, pathologists and other independent physicians; and (2) health care providers who have no employment or other contractual relationship with Community; and these providers may or may not participate in my insurance plan. I understand Community is responsible for carrying out the instructions of such providers, but I acknowledge (a) such providers are not employees or agents of Community; and (b) **Community is <u>not</u> responsible for the medical decisions, acts or omissions of such providers.**

**Assignment of Insurance Benefits**
I assign payment to: (1) Community; (2) health care providers who are not employees of Community, but who have a contract with Community to provide services, such as emergency physicians, anesthesiologists, radiologists, and pathologists; and (3) health care providers who have no employment or other contractual relationship with Community. I understand I will receive separate bills for services ordered or rendered by providers who are not employees of Community and who may or may not participate in my insurance plan.

I understand Community verifies my benefits and/or bills my insurance company as a courtesy to me. I authorize Community to release to Medicare and its agents any information needed to determine my benefits for services received. I authorize the release of my medical records and any other information necessary to obtain payment from Medicare, Medicaid and other payers.
*Continued...*

**Exhibit** B




MR# 005512873 CSN# 10012815966
ROBBINS,BABY BOY A 9/5/2013 1439
PC: Newborn
Jennifer S. Hill-Birk MD North

**PATIENT CONSENT AGREEMENT (PAGE 2 OF 2)**

**Assignment of Insurance Benefits *(Continued)***
I request that payment of authorized benefits from Medicare, Medicaid and other payers be made on my behalf to Community for services provided by Community. This assignment does not apply to patients with insurance that is not accepted by Community.

Further, I understand that verification of my benefits is not a guarantee the insurance company will pay those benefits and I am responsible for ensuring that any prior authorization required for my services is obtained in advance of treatment. In addition, I hereby appoint Community and its employees and agents as my representative to file grievances and appeals for me with my insurance plan/HMO as allowed by Indiana State law.

**Responsibility for Payment**
I understand that I may request and receive an estimate of anticipated charges. I understand and acknowledge that an estimate is not a guarantee; that the estimate is not binding upon Community; and that actual charges will be determined based on the services I receive and may be more or less than the estimate. I understand that I am financially responsible for all amounts not paid by insurance or other payers for services provided to me by Community and I agree to pay all charges when due or in accordance with any financial arrangement made at the time of discharge.

I understand Community provides financial assistance in the form of reduced charges, payment options, and payment plans to those who qualify. I understand I can request additional information on payment options or financial assistance if I believe I may not be able to pay or may not be able to pay timely.

In the event I do not pay such charges when due, I agree to pay costs of collection, including attorney fees and interest. I authorize Community or its agent to access my credit report in order to collect any charges due. If I provide Community with my cell phone number, I authorize Community or its agent to call my cell phone either manually or by auto-dialer in order to collect any amounts I owe.

**Release of Responsibility for Valuables**
I understand that Community is not liable for personal possessions including, but not limited to, money, valuables, dentures, eyeglasses, hearing aids or other property, that are lost or damaged. I know Community has the right to search anything on its premises, including wallets and purses, for the safety and welfare of its patients and visitors. I know I can avoid having my possessions searched by sending them home.

**Receipt of Notice of Privacy Practices**
I acknowledge that I have received the Community Health Network Notice of Privacy Practices and understand that I can also access a copy at www.eCommunity.com.

**I acknowledge that I have read and agree to pages 1 and 2 of this Patient Consent Agreement and my questions have been answered. I understand that I can request a copy of this document.**

| [signature] | 9/5/13 | |
|---|---|---|
| ***Patient/Legal Representative Signature** | Date | Relationship (if not patient) |
| | | |
| Guarantor Signature (if other than patient/legal representative) | Date | Relationship |
| [signature] | 9/5/13 | |
| Witness Signature | Date | Time |

14561 10-23-12 PAGE 2 OF 2

**Exhibit** B

B

MR# 005512876 CSN# 10012816065
ROBBINS,BABY BOY B 9/5/2013 1440
PC: Newborn
Jennifer S. Hill-Birk MD North

**PATIENT CONSENT AGREEMENT**
**(PAGE 1 OF 2)**

**THIS PATIENT CONSENT AGREEMENT** applies to services provided by Community Health Network, Inc., Community Hospital North, Community Hospital East, Community Hospital South, Community Heart and Vascular Hospital, Community Physician Network, Community Home Health, Community Surgery Center North, Community Surgery Center East, Community Surgery Center South, Community Surgery Center Hamilton, Community Surgery Center Northwest, Community Endoscopy Center Indianapolis and Community Digestive Center Anderson (each of these health care providers whether individually licensed or operating under the license of another hereinafter referred to collectively as "Community"). ***This Patient Consent Agreement is valid for up to one year for all physician practice and outpatient services provided by Community.***

**Medical Treatment**
I request or authorize Community to provide and perform under the direction of my physician(s) and/or his/her designee such care, procedures, services and supplies as are considered advisable for my health and wellbeing. I am aware that the practice of medicine is not an exact science and I acknowledge that no guarantees have been made to me by my physician(s) or Community as to the result of any treatments, examinations, procedures or other services provided by Community. I authorize Community to dispose of any tissue, severed or amputated member, body part, or medical device removed in connection with services provided by Community. I understand that it is the responsibility of the physician to explain to me the nature of any diagnostic, therapeutic, medical and/or surgical procedures necessary to treat me and to explain risks and consequences associated with the services.

**Patient Rights and Advance Directives**
If I am receiving hospital inpatient services, ambulatory surgical center services or home health services, I acknowledge I have been given written materials on my patient rights and responsibilities, which include my right to an advance directive. For all other Community services, I understand that information about advance directives is available upon request.

**Consent to Release Medical Records**
I understand Community will make every effort to treat my medical record information as confidential; however, I realize information must be shared with other providers involved in my care or in the payment of my care. Further, I understand other healthcare providers involved in my care will have access to my medical information. I consent to the release of my medical information for treatment, payment and health care operational purposes as allowed by state and federal law, including the release of communicable disease information.

**Legal Relationships**
I understand my services may be provided by: (1) health care providers who are not employees of Community but who have a contract with Community to provide services, such as emergency physicians, anesthesiologists, radiologists, pathologists and other independent physicians; and (2) health care providers who have no employment or other contractual relationship with Community; and these providers may or may not participate in my insurance plan. I understand Community is responsible for carrying out the instructions of such providers, but I acknowledge (a) such providers are not employees or agents of Community; and (b) **Community is <u>not</u> responsible for the medical decisions, acts or omissions of such providers.**

**Assignment of Insurance Benefits**
I assign payment to: (1) Community; (2) health care providers who are not employees of Community, but who have a contract with Community to provide services, such as emergency physicians, anesthesiologists, radiologists, and pathologists; and (3) health care providers who have no employment or other contractual relationship with Community. I understand I will receive separate bills for services ordered or rendered by providers who are not employees of Community and who may or may not participate in my insurance plan.

I understand Community verifies my benefits and/or bills my insurance company as a courtesy to me. I authorize Community to release to Medicare and its agents any information needed to determine my benefits for services received. I authorize the release of my medical records and any other information necessary to obtain payment from Medicare, Medicaid and other payers.

***Continued...***

**Exhibit** B

Community
Health Network

MR# 005512875 CSN# 10012816065
ROBBINS,BABY BOY B 9/5/2013 1440
PC: Newborn
Jennifer S. Hill-Birk MD North

**PATIENT CONSENT AGREEMENT (PAGE 2 OF 2)**

**Assignment of Insurance Benefits *(Continued)***
I request that payment of authorized benefits from Medicare, Medicaid and other payers be made on my behalf to Community for services provided by Community. This assignment does not apply to patients with insurance that is not accepted by Community.

Further, I understand that verification of my benefits is not a guarantee the insurance company will pay those benefits and I am responsible for ensuring that any prior authorization required for my services is obtained in advance of treatment. In addition, I hereby appoint Community and its employees and agents as my representative to file grievances and appeals for me with my insurance plan/HMO as allowed by Indiana State law.

**Responsibility for Payment**
I understand that I may request and receive an estimate of anticipated charges. I understand and acknowledge that an estimate is not a guarantee; that the estimate is not binding upon Community; and that actual charges will be determined based on the services I receive and may be more or less than the estimate. I understand that I am financially responsible for all amounts not paid by insurance or other payers for services provided to me by Community and I agree to pay all charges when due or in accordance with any financial arrangement made at the time of discharge.

I understand Community provides financial assistance in the form of reduced charges, payment options, and payment plans to those who qualify. I understand I can request additional information on payment options or financial assistance if I believe I may not be able to pay or may not be able to pay timely.

In the event I do not pay such charges when due, I agree to pay costs of collection, including attorney fees and interest. I authorize Community or its agent to access my credit report in order to collect any charges due. If I provide Community with my cell phone number, I authorize Community or its agent to call my cell phone either manually or by auto-dialer in order to collect any amounts I owe.

**Release of Responsibility for Valuables**
I understand that Community is not liable for personal possessions including, but not limited to, money, valuables, dentures, eyeglasses, hearing aids or other property, that are lost or damaged. I know Community has the right to search anything on its premises, including wallets and purses, for the safety and welfare of its patients and visitors. I know I can avoid having my possessions searched by sending them home.

**Receipt of Notice of Privacy Practices**
I acknowledge that I have received the Community Health Network Notice of Privacy Practices and understand that I can also access a copy at www.eCommunity.com.

**I acknowledge that I have read and agree to pages 1 and 2 of this Patient Consent Agreement and my questions have been answered. I understand that I can request a copy of this document.**

[signature] 9/5/13
***Patient/Legal Representative Signature** Date Relationship (If not patient)

Guarantor Signature (If other than patient/legal representative) Date Relationship

[signature] 9/5/13
Witness Signature Date Time

14561 10-23-12 PAGE 2 OF 2

Exhibit B

## JUDGMENT/ORDER

STATE OF INDIANA
COUNTY OF MARION
Med-1 Solutions, LLC. vs. Ann Robbins

SS:

IN THE LAWRENCE TOWNSHIP
MARION COUNTY SMALL CLAIMS COURT
4455 McCoy St., Suite 200
Indianapolis Indiana 46226
(317) 545-2369
Case Number: 49K03-1407-SC-003946

**Plaintiff(s)**
Med-1 Solutions, LLC. collection for Community Health Network
517 US Highway 31 N
Greenwood IN 46142

**Counter Claimant**

Vs.

**Defendant(s)**
Ann Marie Robbins 8118 Brookmont Ct Unit 101
Indianapolis IN 46278

**Counter Claim Defendant(s)**

**Comes now the court, having considered the above cause, and being duly advised in the premises, finds as follows:**

_____ The Plaintiff (appeared / appeared not); The Defendant (appeared / appeared not).
_____ That Defendant fails to appear and Plaintiff appears and within the knowledge of those present, the Defendant is not under legal disability and has sufficient understanding to realize the nature and effect of the Notice of Claim.
_____ That all parties appeared in person or by counsel, and that all legal requirements having been met, and cause having been submitted and evidence heard; judgment should be entered in favor of the (Plaintiff / Defendant).
_____ That all parties appeared in person or by counsel, and agree to the entry of judgment.
_____ That judgment on the counterclaim is rendered in favor of the counter (plaintiff / defendant) for $ ________ and attorney fees of $ ________ for a total judgment of $ ________ plus costs and post judgment interest at the statutory rate.
_____ Judgment has been satisfied.
_SLA_ That ___ **Defendant requests leave to conduct discovery.**

________________, Plaintiff ________________, Defendant

**Accordingly, the Court now ORDERS,**

_____ That judgment is rendered in favor of the Plaintiff for the sum of $ ________ and attorney fees of $ ________ and prejudgment interest of $ ________ for a total judgment of $ ________ plus costs and post judgment interest at ______ % per annum.
_____ That the Plaintiff is entitled to the (Real Estate / Personal Property) as described in the Notice of Claim, Writ entitled to be issued. Date of possession ________ at ______. Trial on damages is set for ________ at ______.
_____ That judgment on the counterclaim is rendered in favor of the counter (plaintiff / defendant) for $ ________ and attorney fees of $ ________ for a total judgment of $ ________ plus costs and post judgment interest at the statutory rate.
_____ That (Plaintiff's / Defendant's) motion for continuance is (granted / denied), to be continued to ________ at ______.
_____ That the Defendant's motion to set aside Default Judgment is hereby (granted / denied), cause to be set for trial on ________ at ______.
_____ That judgment be rendered in favor of the Defendant and that the Plaintiff recover nothing by way of its Complaint.
_____ Final Order in Garnishment to issue. _____ Final Order in Garnishment to issue upon return of Interrogatories.
_____ That this cause be Dismissed (With / Without) prejudice.
_____ That the Defendant is ordered to reappear without further notice on ________ at ______ or be subject to Body Attachment.
_6_ That MTC GRANTED; DISCOVERY PERMITTED. Continued to 9-23-14 at 1 PM

Date: 8/4/14

[signature]
**Honorable Clark G. Rehme**
**Judge**

COPIES MAILED TO BOTH PAR...

**Exhibit** C