UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANN ROBBINS,<br><br>Plaintiff,<br><br>v.<br><br>MED-1 SOLUTIONS, LLC,<br><br>Defendant. | CASE NO.   1:14-cv-1703-TAB-SEB |

## AMENDED CASE MANAGEMENT PLAN

**I.   Parties and Representatives**

    A.   Ann Robbins, Plaintiff; Med-1 Solutions, LLC, Defendant

    B.   Counsel for Plaintiff:

    Robert E. Duff
    Indiana Consumer Law Group/The Law Office of Robert E. Duff
    P.O. Box 7251
    Fishers, IN 46037
    T:  800-817-0461
    robert@robertdufflaw.com

    Counsel for Defendant:

    Richard Ross Huston
    Med-1 Solutions, LLC
    517 U.S. Highway 31 North
    Greenwood, IN 46142
    T:  317-883-5614
    rich.huston@med1solutions.com

    Nicholas Moline
    Med-1 Solutions, LLC
    517 U.S. Highway 31 North
    Greenwood, IN 46142
    T:  317-883-5615
    NicholasMoline@med1solutions.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. The parties agree that the Court has federal question subject matter jurisdiction arising from Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA").

B. In Plaintiff's Second Amended Complaint, Plaintiff alleges a host of FDCPA violations all arising out of a small claims case Defendant filed against Plaintiff. The case involved an unpaid balance for medical services in the amount of $1499.00. Med-1's Notice of Claim also sought attorney fees. Ms. Robbins paid the $1,499.00 but contested the attorney fees and costs. The small claims court held a hearing and awarded Med-1 attorney fees of $1,725.00. Ms. Robbins then appealed the judgment and obtained a trial *de novo* in Marion Superior Court. Despite knowing the case had been appealed and the judgment was therefore vacated, Med-1 served Ms. Robbins with proceedings supplemental in attempting to collect the vacated judgment. The FDCPA violations alleged by Plaintiff involve misrepresentations made by Defendant in documents served on *pro se* defendant Ms. Robbins and filed with the small claims court, misrepresentations made to Ms. Robbins in person, attempting to collect attorney fees to which Med-1 was not entitled and attempting to collect on the small claims court judgment after it had been appealed.

This Court determined that *Colorado River* abstention was appropriate and stayed the case pending resolution of the state court proceeding. Dkt. 52. The state court *de novo* appeal was dismissed with prejudice on May 22, 2018. Dkt. 53-1. The parties were ordered to file an amended case management plan. Dkt. 63.

C. Defendant does not dispute that a small claims action was filed in the Marion County, Lawrence Township Small Claims Court for an unpaid medical bill incurred by Plaintiff. At no time, and in no way, did Defendant mislead or misrepresent its entitlement to receive attorney's fees under the signed, valid contract and for work that was actually performed. The Defendant will show that it was entitled, by a signed contractual agreement, to any attorney fees incurred due to the failure of the Plaintiff to satisfy her debt. The Defendant will show that three (3) separate hearings were held in the small claims matter as well as discovery, causing the amount of attorney's fees to increase, and said matter was finally concluded with an agreed judgment on October 28th, 2014. That Plaintiff misstates the appellate rules of the Marion County Small Claims courts in stating that Plaintiff obtained a trial de novo prior to the filing of the motion for Proceeding Supplemental, when, in fact, that until an appealed Marion County Small Claims Court case is docketed in

the receiving superior or circuit court the Marion County Small Claims Court retains jurisdiction. See Marion County Local Rules Rule LR49-SC00-601. The Plaintiff's appeal of the Marion County Small Claims court judgment was not docketed in the Marion Superior Court Civil Division 4 until February 13, 2015, while the Motion for Proceeding Supplemental was filed in the Marion county, Lawrence Township Small Claims court on January 20, 2015. Finally, if this Court finds Defendant Defendant violated the FDCPA, Defendant will assert the affirmative defense of bonafide error that should exculpate the Defendant for any liability concerning other allegations as originally raised by the Plaintiff.

D. Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

### III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before September 10, 2018. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before September 24, 2018.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before September 24, 2018.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before October 24, 2018.

E. Not applicable.

F. Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before February 15, 2019. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before thirty days after Plaintiff has disclosed her experts; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before March 15, 2019.

G.  If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H.  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 60 days before trial.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I.  All parties shall file and serve their final witness and exhibit lists on or before May 10, 2019.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.  Neither party anticipates the production of a substantial volume of electronically stored information ("ESI") in this case.  The parties agree to produce documents in hard copy or PDF format.  The parties also agree on the following clawback provision:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional

disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

IV.     **<u>Discovery[1] and Dispositive Motions</u>**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.      Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? Yes. If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. Because the parties anticipate that many of the facts in this case will not be in dispute (as some of the FDCPA violations alleged are based on documents), both parties anticipate filing motions for summary judgment on some of the alleged violations.

B.      Select the track that best suits this case:

\_\_\_\_\_ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date.

---

1       The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

   X    Track 2: Dispositive motions are expected and shall be filed by June 28, 2019; non-expert witness discovery and discovery relating to liability issues shall be completed by June 28, 2019; expert witness discovery and discovery relating to damages shall be completed by June 28, 2019. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

\_\_\_\_\_ Track 3: Dispositive motions are expected and shall be filed no later than _____ [no later than 12 months from Anchor Date]; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions stage shall be completed by [no later than 30 days prior to the dispositive motion deadline date]; all remaining discovery shall be completed by [no later than 12-16 months from Anchor Date]. [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

\_\_\_\_\_ Track 4: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

**V.**     **<u>Pre-Trial/Settlement Conferences</u>**

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.**

**VI.**     **<u>Trial Date</u>**

The magistrate judge recommends a trial date in November, 2020. The trial is by the Court and is anticipated to take 2 days. Counsel should indicate here the reasons that a

6

shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

**VII.  Referral to Magistrate Judge**

   A.  **Case**. All parties DO consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

   B.  **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII. Required Pre-Trial Preparation**

   A.  **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

      1.  File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

      2.  Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

      3.  Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

7

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

None at this time.

Respectfully submitted:

Counsel for Plaintiff:

s/ *Robert E. Duff*
Robert E. Duff
Indiana Consumer Law Group/The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
T: 800-817-0461
F: 800-817-0461
robert@robertdufflaw.com

Counsel for Defendant:

s/ *Nicholas Moline*
Nicholas Moline
Med-1 Solutions, LLC
517 U.S. Highway 31 North
Greenwood, IN 46142
T: 317-883-5615
NicholasMoline@med1solutions.com

Richard Ross Huston
Med-1 Solutions, LLC
517 U.S. Highway 31 North
Greenwood, IN 46142
T: 317-883-5614
rich.huston@med1solutions.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT ____.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| X | DISCOVERY SHALL BE COMPLETED BY JUNE 28, 2019.<br><br>DISPOSITIVE MOTIONS SHALL BE FILED BY JUNE 28, 2019. |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

Date: 8/30/2018

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all consel of record via ECF.