UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANN ROBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-01703-TAB-SEB |
| | ) | |
| MED-1 SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I.      Introduction

Defendant Med-1 Solutions, LLC filed a motion seeking summary judgment on all

counts of Plaintiff Ann Robbins's second amended complaint.  [Filing No. 75.]  Robbins filed

her own motion for partial summary judgment as to liability on her claim for violations of the

Fair Debt Collection Practices Act.  [Filing No. 77.]  As explained below, no genuine issues of

material fact exist regarding any of Robbins's FDCPA claims against Med-1.  Robbins failed to

provide evidence to support her allegations.  Therefore, Med-1 is entitled to judgment as a matter

of law as to all of Robbins's claims.

## II.      Background

The following facts are not in dispute:  In July 2014, Med-1 filed a lawsuit against

Robbins in Marion County Small Claims Court.  [Filing No. 58, at ECF p. 2.]  In September

2014, Robbins paid off her entire debt with Med-1 except for attorney fees and costs.  [Filing No.

58, at ECF p. 2.]  The small claims court set the issue of Robbins's liability for costs and attorney

fees for hearing in October.  [Filing No. 58, at ECF p. 2.]  At the hearing, Med-1's attorney

submitted to the small claims court an affidavit for attorney's fees requesting $1,725.  [Filing No.

58, at ECF p. 2; Filing No. 51-1, at ECF p. 2.]  The small claims court entered judgment that

same day in favor of Med-1 in the amount of $1,725.  [Filing No. 58, at ECF p. 3; Filing No. 76-

1, at ECF p. 1.]  In December 2014, Robbins timely filed a notice of appeal with the small claims

court to the superior court.  [Filing No. 58, at ECF p. 3.]

While the notice of appeal was pending, Med-1 filed a motion with the small claims

court, seeking an additional $93.75 in attorney fees.  [Filing No. 51-2, at ECF p. 2.]  That same

day, Med-1 also filed a motion for proceedings supplemental and interrogatories directed to

Robbins's employer.  [Filing No. 58, at ECF p. 4.]  A few weeks later, on February 10, 2015, the

small claims court entered an order granting Plaintiff's request for appeal [Filing No. 77-1, at

ECF p. 2] and sent the matter to the superior court, which opened the case as a new filing on

February 13, 2015 [Filing No. 77-2, at ECF p. 1].[1]  The superior court ultimately dismissed Med-

1's complaint with prejudice.  [Filing No. 77-2, at ECF p. 3.]

Robbins's second amended complaint before this Court alleges that Med-1 committed the

following violations of the Fair Debt Collection Practices Act in relation to the state court

proceedings:

> a.    By falsely stating to [Robbins] in a pre-trial conference in the state
>       court lawsuit that the attorney had spent "three more hours" on her
>       case, [Med-1] violated 15 U.S.C. § 1692e and f;

---

[1] Robbins alleged in her second amended complaint that the small claims court issued its order
granting the appeal and transferring the case to the superior court on December 15, 2014.  [Filing
No. 51, at ECF p. 2.]  Med-1 answered by admitting that the order was issued but noted that the
small claims court did not docket this order on the CCS until February 10, 2015, yet lists the
order date as December 15, 2014.  [Filing No. 58, at ECF p. 3.]  The superior court CCS states on
February 13, 2015, that the case was opened as a new filing.  [Filing No. 77-2, at ECF p. 1.]
The parties use these February 2015 dates in their recitations of facts as the date the case was
docketed and the date the case was opened as a new filing in the superior court, so the Court
assumes these dates as well for purposes of its analysis.

b.　By threatening [Robbins] that if she did not pay attorney fees and costs that day she would be responsible for additional attorney fees, [Med-1] violated 15 U.S.C. § 1692e(5);

c.　By serving [Robbins] with Exhibit A and filing it in the state court lawsuit and thereby falsely representing the time spent by an attorney and the fee to which [Med-1] was entitled, [Med-1] violated 15 U.S.C. § 1692e and f;

d.　By serving [Robbins] with Exhibit B and filing it in the state small claims court, despite knowing the Small Claims Lawsuit had been appealed, [Med-1] violated 15 U.S.C. § 1692e and f; and

e.　By filing the Motion for Proceedings Supplemental, causing [Robbins's] employer to be served with interrogatories and causing [Robbins] to be served with an Order to Appear, all despite knowing the Small Claims Lawsuit had been appealed, [Med-1] violated 15 U.S.C. § 1692e and f.

[Filing No. 51, at ECF p. 3-4.]  Med-1 filed a motion for summary judgment on all counts.

[Filing No. 75.]  Robbins filed a motion for partial summary judgment only as to liability.

[Filing No. 77.]

## III.　Discussion

Both sides argue, for varying reasons, that they are entitled to judgment as a matter of law regarding liability for Robbins's FDCPA violation claims against Med-1.  Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

> This notion applies equally where, as here, opposing parties each move for summary judgment in their favor pursuant to Rule 56.  Indeed, the existence of cross-motions for summary judgment does not necessarily mean that there are no genuine issues of material fact.  Rather, the process of taking the facts in the light most favorable to the non-movant, first for one side and then for the other, may reveal that neither side has enough to prevail without a trial.  With cross-motions, the court's review of the record requires that the court construe all inferences in favor of the party against whom the motion under consideration is made.

*Tyler v. JP Operations, LLC*, 342 F. Supp. 3d 837, 842 (S.D. Ind. 2018) (internal citations, quotation marks, and brackets omitted).  Here, for the reasons stated below, Med-1 has shown there are no genuine issues as to any material fact related to Robbins's FDCPA claims. Accordingly, Med-1 is entitled to judgment as a matter of law.

      a.     <u>"By falsely stating to [Robbins] in a pre-trial conference in the state court lawsuit that the attorney had spent 'three or more hours' on her case, [Med-1] violated 15 U.S.C. § 1692e and f"</u>:

Robbins concedes that she does not contest summary judgment in favor of Med-1 on this claim.  [Filing No. 81, at ECF p. 7.]  Therefore, summary judgment is granted in favor of Med-1 on this claim.

      b.     <u>"By threatening [Robbins] that if she did not pay attorney fees and costs that day she would be responsible for additional attorney fees, [Med-1] violated 15 U.S.C. § 1692e(5)"</u>:

Robbins contends that Med-1 violated 15 U.S.C. § 1692e(5) of the FDCPA by threatening at an initial hearing in September 2014 that if Robbins did not pay attorney fees of $375 and costs of $86 to Med-1's attorney that day, she would be responsible for additional attorney fees.  [Filing No. 81, at ECF p. 3, 7.]  Section 1692e(5) of the FDCPA prohibits debt collectors from threatening "to take any action that cannot legally be taken or that is not intended to be taken." *Id.*  Med-1 argues that Robbins is unable to show that Med-1's attorney threatened to take any action that could not be legally taken or that Med-1's attorney threatened to take any action that it did not intend to take.  [Filing No. 76, at ECF p. 6.]  Robbins counters by arguing that the language in the pertinent Patient Consent Agreement only allowed recovery for attorney fees incurred while collecting the medical charges and contends that any additional attorney fees fall outside the scope of that agreement.  [Filing No. 78, at ECF p. 3-4.]

The Patient Consent Agreement states: "In the event I do not pay such charges when due, I agree to pay costs of collection, including attorney fees and interest." [Filing No. 53-2, at ECF p. 12.] Robbins contends that while the agreement entitled Med-1 to pursue her for attorney fees and costs in collecting the underlying medical charges, this language does not cover additional attorney fees incurred in attempting to recover attorney fees. [Filing No. 78, at ECF p. 4.] Additionally, Robbins argues that since she paid the medical bill before the initial hearing in small claims court, the portion of attorney fees sought that were incurred afterwards were not "costs of collection," because they were incurred litigating an entitlement to attorney fees, rather than in litigating the underlying medical charges. [Filing No. 81, at ECF p. 7.] Med-1, by contrast, argues it is entitled to recover all attorney fees, including those incurred in attempting to recovery attorney fees awarded by the small claims court. [Filing No. 82, at ECF p. 3.]

This is simply a contractual interpretation dispute. *See, e.g., Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565 (7th Cir. 2004) ("[W]hen a debtor has contractually agreed to pay attorneys' fees and collection costs, a debt collector may, without a court's permission, state those fees and costs and include that amount in the dunning letter. Doing so does not violate the FDCPA."). The issue in this case is not the language used in a dunning letter, but rather Med-1's claim for additional attorney fees during litigation. Neither side cites to any case law that is particularly relevant to this issue. Nevertheless, a plain meaning reading of language in the underlying contract in this matter indicates that Med-1 was entitled to collect attorney fees associated with collection efforts, and Robbins has not shown that Med-1's attempt to collect, essentially, "fees on fees" here was outside of that contractual language. *Cf. Scott v. Fed. Bond and Collection Serv., Inc.*, No. 10-CV-02825-LHK, 2011 WL 176846, at *3 (N.D. Cal. Jan. 19, 2011) ("The FDCPA is a fee-shifting statute, and the FDCPA's statutory language makes an

award of fees mandatory in a successful action. In addition to attorney's fees reasonably incurred in litigating the case, an FDCPA plaintiff may recover reasonable fees for time spent preparing a motion for attorney's fees. Such 'fees on fees' are justified because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." (Internal citations, quotation marks, and brackets omitted)). In addition, Robbins put the issue in dispute when she paid the underlying medical charges but did not pay any costs or attorney fees.

Robbins also argues that the fact that she did not owe any additional attorney fees is *res judicata* because the superior court case was eventually dismissed with prejudice. [Filing No. 78, at ECF p. 4.] However, as Med-1 states, this argument is "nonsensical." [Filing No. 82, at ECF p. 3.] While Med-1 acknowledges that it is now precluded from litigating the attorney fees following the superior court's May 2018 order, that future ruling in the superior court did not preclude Med-1 from bringing its initial action in the small claims court, which was filed months before the matter was appealed to the superior court.

Therefore, Robbins failed to present evidence to support this claim, and Med-1 is entitled to judgment as a matter of law. Accordingly, summary judgment is granted in favor of Med-1 on this claim.

c. "By serving [Robbins] with Exhibit A and filing it in the state court lawsuit and thereby falsely representing the time spent by an attorney and the fee to which [Med-1] was entitled, [Med-1] violated 15 U.S.C. § 1692e and f":

Next, Robbins argues that Med-1 violated 15 U.S.C. § 1692e and f by serving and filing Exhibit A, which contains the Affidavit and Motion for Attorney Fees filed by attorney Francis R. Niper, a former attorney for Med-1, seeking the initial $1,725 in attorney fees. [Filing No. 51-1.] Section 1692e of the FDCPA describes how a debt collector may not use any false,

deceptive, or misleading representation in connection with collecting a debt and lists conduct that would violate this section.  *See* 15 U.S.C. § 1692e.  Section 1692f notes that a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt" and lists conduct that would violate this section.  *See* 15 U.S.C. § 1692f.

Med-1 argues that it is entitled to summary judgment on this count because Robbins has not presented any documentation showing that Niper falsely represented the time he spent on the underlying action.  Med-1 is correct.  Med-1 included as part of its response to Robbins's second set of interrogatories account notes that support Niper's affidavit and motion.  [Filing No. 76-4.] These notes indicate that Niper performed the tasks he claimed to have performed, and his affidavit supports the time spent on each service.  [Filing No. 77-1.]

Robbins's response once again relies, at least in part, on the idea that the Patient Consent Agreement did not permit Med-1 to recover attorney fees incurred in collecting attorney fees. But this particular claim relates to Med-1's initial motion for attorney fees, not the subsequent motion for additional attorney fees.[2]  The initial motion for attorney fees related to charges for the initial review of the claim, demand letter, and preparation.  [Filing No. 51-1.]  Robbins does not raise any particular dispute with the motion except to make the general proposition that Med-1 was not entitled to pursue the fees in question.  This proposition is inaccurate and unsupported by the evidence.  Additionally, at another point in her brief in support of her motion for partial summary judgment, Robbins stated: "Once Ms. Robbins paid the medical charges, Med-1 could continue to pursue her for attorney fees and costs but could not add any additional attorney fees to her liability because the time spent was not for 'costs of collection of 'such charges.' " [Filing

---

[2] And regardless, as noted above, Med-1 was entitled to pursue an award of additional attorney fees for the fees incurred while litigating the first motion for attorney fees.

No. 78, at ECF p. 4.] These arguments are inapposite. Exhibit A contains Med-1's motion for attorney fees, which sought fees related to the cost of litigating the attorney fees and costs—the fees and costs Robbins seemingly admits Med-1 could pursue against her. Robbins fails to present any evidence to the contrary or to support her allegations that Med-1's actions violated the FDCPA. Accordingly, Med-1 is entitled to summary judgment on this claim.

  d. <u>"By serving [Robbins] with Exhibit B and filing it in the state small claims court, despite knowing the Small Claims Lawsuit had been appealed, [Med-1] violated 15 U.S.C. § 1692e and f":</u>

  Robbins next contends that Med-1 violated 15 U.S.C. § 1692e and f by filing Exhibit B, Med-1's motion for an award of additional attorney fees for an additional $93.75 related to preparations for and litigation surrounding the proceedings supplemental. [Filing No. 78, at ECF p. 7.] Robbins argues in part that Med-1 filing a motion for additional attorney fees and to collect on the judgment was "unfair" because "Med-1 knew the judgment had been properly appealed and would be held for naught." [Filing No. 81, at ECF p. 9.] This characterization of Med-1's position is disingenuous. Med-1 reiterates in its reply brief in support of its motion for summary judgment that Med-1 "has never admitted that it 'knew the judgment had been properly appealed and would be held for naught.' " [Filing No. 83, at ECF p. 2.] In addition, the delay in the docketing of the small claims court's order is important here. The order granting the appeal to superior court did not show up on the docket in the small claims court until February 10, 2015. [Filing No. 77-1, at ECF p. 2.] Until that order was docketed, Med-1 had no way of knowing whether the appeal would be granted.

  Moreover, Med-1 cites to the Marion County Small Claims Court local rules, which stated at the time: "Nothing in these rules shall be construed as divesting the Court of jurisdiction to hear matters arising between the date of filing . . . a Notice of Appeal and the date the case is

8

docketed in the receiving . . . Superior . . . Court." Marion Co. L.R. 49-SC00-601 (2017). Thus, the small claims court retained jurisdiction to hear all matters between the date Robbins filed her notice of appeal and the time the case was re-docketed.

Nevertheless, Robbins argues that regardless of whether the small claims court judgment was valid under Indiana law, it still violated the FDCPA, because it was unfair. [Filing No. 81, at ECF p. 9.] However, Robbins fails to cite any portion of the FDCPA or a case finding that Congress imposes limitations on a collector's right to continue to pursue a claim after a notice of appeal is filed but before an appeals court dockets the case. Therefore, Med-1 is entitled to summary judgment on this claim.

e.  "By filing the Motion for Proceedings Supplemental, causing [Robbins's] employer to be served with interrogatories and causing [Robbins] to be served with an Order to Appear, all despite knowing the Small Claims Lawsuit had been appealed, [Med-1] violated 15 U.S.C. § 1692e and f":

Finally, Robbins contends that Med-1 violated 15 U.S.C. § 1692e and f by filing a motion for proceedings supplemental, which caused Robbins's employer to be served with interrogatories and Robbins to be served with an order to appear at the hearing. Once again, Robbins relies on her argument that Med-1's filing was "unfair" because "Med-1 knew the judgment was on the verge of being vacated and held for naught." [Filing No. 78, at ECF p. 7-8.] But, as noted above, this is an inaccurate representation of both the facts and the law. Med-1 has never admitted to having such knowledge. And again, the small claims court delayed in docketing the order granting the appeal to the superior court. That order did not appear on the docket until February 10, 2015. [Filing No. 77-1, at ECF p. 2.] The case was then opened as a new filing in the superior court on February 13, 2015. [Filing No. 77-2, at ECF p. 1.] Thus, the small claims court retained jurisdiction to hear all matters filed between when Robbins filed her

notice of appeal and when the case was re-docketed in the superior court. *See* Marion Co. L.R. 49-SC00-601.

Additionally, proceedings supplemental are a continuation of the underlying claim, not an independent action. *See, e.g., Branham Corp. v. Newland Resources*, LLC, 44 N.E.3d 1263, 1272 (Ind. Ct. App. 2015) ("Proceedings supplemental are a continuation of the underlying claim on the merits—not an independent action. They are initiated under the same cause number in the same court that entered judgment against the defendant." (Internal citations and quotation marks omitted)). While Robbins attempts to cite to other examples of situations where an action is legal under state law but prohibited under the FDCPA [Filing No. 81, at ECF p. 9-10], she fails to cite to any case indicating that filing for attorney fees or a proceedings supplemental while a small claims court case has been appealed to the superior court—or any situation similar—has been found to violate the FDCPA. This lack of case law undermines this claim and reinforces this Court's belief that such conduct does not violate the FDCPA. Therefore, Med-1 is entitled to summary judgment on this claim.

## IV. Conclusion

In sum, Med-1's motion for summary judgment [Filing No. 75] is granted. Robbins's motion for partial summary judgment [Filing No. 77] is denied. Med-1 is entitled to judgment as a matter of law as to all of Robbins's FDCPA claims. Accordingly, this action is dismissed with prejudice.

Date: 1/28/2020

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email